## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware Corporation, and MEREDITH CORPORATION, an Iowa Corporation,<br><br>        Defendants. | Case No. 2:16-cv-12808<br><br>Hon. Linda V. Parker |

## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation (together, the "Defendants") hereby move for the dismissal of Count 1 of Plaintiffs' Complaint for lack of jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Count 2 of Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, Defendants are contemporaneously filing a Brief, which is incorporated herein.

Pursuant to E.D. Mich. Local R. 7.1(a), counsel for Defendants conferred with counsel for Plaintiffs about this Motion by telephone on September 21 and 22, 2016. By and through counsel, Plaintiffs oppose the relief sought in the Motion.

Dated:  September 26, 2016

/s/ Jake Sommer
Jake Sommer
Nury A. Siekkinen
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5203

Robert M. Jackson (P40723)
Arthur T. O'Reilly  (P70406)
Honigman Miller Schwartz
and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7400
rjackson@honigman.com
aoreilly@honigman.com

*Counsel for Defendant Meredith Corporation*

/s/ Brendan J. Healey
Steven L. Baron
Brendan J. Healey
MANDELL MENKES LLC
One North Franklin, Ste. 3600
Chicago, IL  60606
(312) 251-1000

Andrew M. Harris (P62265)
KITCH DRUTCHAS WAGNER VALITUTTI &
SHERBROOK

One Woodward Avenue, Suite 2400
Detroit, Michigan  48226-5485
Telephone:  313- 965-7991
andrew.harris@kitch.com

*Counsel for Defendant Martha Stewart Living
Omnimedia, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of all others similarly situated, | Case No. 2:16-cv-12808 |
| Plaintiff, | Hon. Linda V. Parker |
| v. | |
| MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware Corporation, and MEREDITH CORPORATION, an Iowa Corporation, | |
| Defendants. | |

## DEFENDANTS' BRIEF IN SUPPORT OF
## <u>MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)</u>

## ISSUE PRESENTED

1.     Whether Plaintiffs' VRPA claim should be dismissed for lack of standing under the VRPA and Article III of the U.S. Constitution and for failure to state a claim?

**Defendants' Answer:  Yes.**

2.     Whether Plaintiffs' unjust enrichment claim should be dismissed for failure to state a claim when it is based solely on Defendants' retention of the purchase price of their subscriptions when the only wrong alleged is a violation of the VRPA, which itself provides a complete remedy?

**Defendants' Answer:  Yes.**
**Plaintiff's Answer: No.**
**The Court Should Answer: Yes.**

## CONTROLLING OR MOST IMPORTANT AUTHORITY

M.C.L. § 1712 *et seq.*

S.B. 490, 98th Leg. Reg. Sess. (Mich. 2016)

Federal Rule of Civil Procedure 12(b)(6)

*Spokeo Inc. v. Robins*, No. 13-1339, 578 U.S. __, 2016 WL 2842447 (May 16, 2016)

*Lahti v. Fosterling*, 357 Mich. 578 (1959)

*In re Oswalt*, 318 B.R. 817 (W.D. Mich. 2004), *aff'd*, 444 F.3d 524 (6th Cir. 2006)

*In re Certified Questions from U.S. Ct. of Appeals for the Sixth Circuit*, 416 Mich. 558 (1982)

*Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313 (1998)

# **TABLE OF CONTENTS**

ISSUE PRESENTED ............................................................................... ii

CONTROLLING OR MOST IMPORTANT AUTHORITY ............................... iii

PRELIMINARY STATEMENT ..............................................................1

BACKGROUND ..................................................................................2

     A. The VRPA ........................................................................3

     B. Spokeo v. Robbins.............................................................5

ARGUMENT ......................................................................................5

    I. Plaintiffs Fail to State A Justiciable Claim under the VRPA...................5

     A. The Amended VRPA Requires Actual Damages ................................6

     B. The Actual Injury Requirement Applies to Plaintiffs' Claim ..............7

       1) The Michigan legislature intended retroactivity ............................8

       2) The actual damages requirement is remedial ...............................12

         a) The requirement is remedial ...................................................13

         b) SB 490 does not take away Plaintiffs' vested rights...............14

     C. Plaintiffs Cannot Rely on a Bare Violation of the VRPA as Their Injury-In-Fact..................................................................16

     D. Plaintiffs' Other Alleged Harms Do Not Confer Standing...............20

    II. Plaintiffs' Unjust Enrichment Claim Fails .............................................22

     A. Plaintiffs Fail to Allege an Unjust Enrichment Claim ......................22

B.  If the Amendment Does Not Apply Retroactively, the VRPA
    Provides Plaintiffs' Exclusive Remedy..............................................24

CONCLUSION ........................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*AG v. City of Flint*,
   269 Mich. App. 209 (2005) ..................................................................15

*Allor v. DeClark, Inc.*,
   No. 300953, 2012 WL 555779 (Mich. Ct. App. Feb. 21, 2012) ......................22

*Allstate Ins. Co. v. Faulhaber*,
   157 Mich. App. 164 (1987) .............................................................9, 14

*Attias v. CareFirst, Inc.*,
   No. 15-cv-00882, 2016 WL 4250232 (D.D.C. Aug. 10, 2016).........................19

*Beaudry v. TeleCheck Servs., Inc.*,
   579 F.3d 702 (6th Cir. 2009) ...............................................12, 17, 19, 20

*Boelter v. Hearst Comm. Inc.*,
   No. 15-cv-3934, 2016 WL 3369541 (S.D.N.Y June 17, 2016)..........................9

*Bristol Mfg. v. Jennings Gen. Maint., Inc.*,
   No. 272006, 2008 WL 1004879 (Mich. Ct. App. Apr. 10, 2008) .....................23

*Cain v. Redbox Automated Retail, L.L.C.*,
   981 F. Supp. 2d 674 (E.D. Mich. 2013) ......................................11, 12

*Carlsen v. GameStop, Inc.*,
   No. 15-2453, 2016 WL 4363162 (8th Cir. Aug. 16, 2016)................................24

*In re Certified Questions from U.S. Ct. of Appeals for the Sixth
   Circuit*,
   416 Mich. 558 (1982) ................................................................ iii, 7, 14

*Charter Twp. Of Van Buren v. Garter Belt, Inc.*,
   258 Mich. App. 594 (2003) ...............................................................15

*Dale Baker Oldsmobile, Inc. v. Fiat Motors of N.A., Inc.*,
   794 F.2d 213 (6th Cir. 1986) ...............................................................13

*Dep't of Agric. v. Appletree Mktg., L.L.C.*,
   485 Mich. 1 (2010) ...........................................................................................24

*Det. Edison Co. v. Dep't of Revenue*,
   320 Mich. 506 (1948) ........................................................................................12

*Doe v. Boland*,
   698 F.3d 877 (6th Cir. 2012) .........................................................................6, 16

*Doe v. Mills*,
   212 Mich. App. 73 (1995) .................................................................................21

*Duffy v. Grange Ins. Co. of Mich.*,
   No. 290198, 2010 WL 3655979 (Mich. Ct. App. Sept. 21, 2010) ................7, 13

*Frank W. Lynch & Co. v. Flex Techs., Inc.*,
   463 Mich. 578 (2001) .....................................................................................8, 11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000)........................................................................................6, 16

*Galaria v. Nationwide Mut. Ins. Co.*,
   998 F. Supp. 2d 646 (S.D. Ohio 2014) .......................................................21, 23

*GMAC LLC v. Dep't of Treasury*,
   286 Mich. App. 365 (2009) ...............................................................................15

*GMC v. Dep't of Treasury*,
   290 Mich. App. 355 (2010) ...............................................................................10

*Groshek v. Time Warner Cable, Inc.*,
   No. 15-157 (E.D. Wisc. August 9, 2016) ..........................................................19

*Gubala v. Time Warner Cable Inc.*,
   No. 15-CV-1078, 2016 WL 3390415 (E.D. Wis. June 17, 2016) ...............18, 19

*Halaburda v. Bauer Pub. Co.*,
   No. 12-CV-14390, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) .......11, 12, 17

*Hancock v. Urban Outfitters, Inc.*,
   No. 14-7047, 2016 WL 3996710 (D.C. Cir. July 26, 2016)...............................19

*Hollingsworth v. Perry,*
    133 S. Ct. 2652 (2013) ....................................................................20

*Hyman v. TV Guide Magazine, LLC,*
    No 15-cv-13769 (E.D. Mich. August 1, 2016) ..................................19

*Jamison v. Bank of Am., N.A.,*
    No. 2:16-cv-00422, 2016 WL 3653456 (E.D. Cal. July 7, 2016) ......................19

*In re JetBlue Airways Corp. Privacy Litig.,*
    379 F. Supp. 2d 299 (E.D.N.Y. 2005) ...............................................23

*Kammer Asphalt Paving Co. v. E. China Twp. Sch.,*
    443 Mich. 176 (1993) .......................................................................22

*Kelly Servs., Inc. v. Dep't of Treasury,*
    296 Mich. App. 306 (2012) ..................................................................9

*Khan v. Children's Nat'l Health Sys.,*
    No. 15-2125, 2016 WL 2946165 (D. Md. May 19, 2016) .................19

*Kinder v. Meredith Corp.,*
    No. 14-CV-11284, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014) ................11

*LaFontaine Saline, Inc. v. Chrysler Group, L.L.C.,*
    496 Mich. 26 (2014) ...........................................................................7

*Lahti v. Fosterling,*
    357 Mich. 578 (1959) ........................................................ iii, 11, 15

*Low v. LinkedIn Corp.,*
    No. 11–CV–01468, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) ................20

*McCreary v. Shields,*
    333 Mich. 290 (1952) .......................................................................22

*Montclair v. Ramsdell,*
    107 U.S. 147 (1882)............................................................................8

*Morgan v. Taylor Sch. Dist.,*
    187 Mich. App. 5 (1991) ..................................................................10

*NL Ventures VI Farmington, LLC v. City of Livonia*,
  No. 323144, 2015 WL 9392721 (Mich. Ct. App. Dec. 22, 2015)......................22

*In re Oswalt*,
  318 B.R. 817 (W.D. Mich. 2004), *aff'd*, 444 F.3d 524 (6th Cir.
  2006) ........................................................................................................ iii, 9

*In re Oswalt*,
  444 F.3d 524 (6th Cir. 2006) ..............................................................................8

*People v. Sheeks*,
  244 Mich. App. 584 (2001) ................................................................................9

*Reeves v. Reno*,
  61 F. Supp. 2d 661 (E.D. Mich. 1999) ........................................................8, 10

*Roberts v. Hamer*,
  655 F.3d 578, 581 (6th Cir. 2011) .....................................................................6

*Romein v. Gen. Motors Corp.*,
  168 Mich. App. 444 (1988), *aff'd*, 436 Mich. 515 (1990), *aff'd*,
  503 U.S. 181 (1992)......................................................................................9, 10

*Romero v. Dept. Stores Nat'l Bank*,
  No. 15-CV-193, 2016 WL 4184099 (S.D. Cal. Aug. 5, 2016)..........................19

*Rookledge v. Garwood*,
  340 Mich. 444 (1954) ......................................................................................13

*Saldana v. Kelsey-Hayes Co.*,
  178 Mich. App. 230 (1989) ..............................................................................22

*Sartin v. EKF Diagnostics, Inc.*,
  No. 16-1816, 2016 WL 3598297 (E.D. La. July 5, 2016).................................19

*Seaton v. Wayne County Prosecutor*,
  233 Mich. App. 313 (1998) ............................................................. iii, 7, 10, 13

*Smith v. Ohio State Univ.*,
  No. 2:15-CV-3030, 2016 WL 3182675 (S.D. Ohio June 8, 2016)....................19

*Spokeo Inc. v. Robins*,
  No. 13-1339, 578 U.S. __, 2016 WL 2842447 (May 16, 2016)................*passim*

*U.S. v. Lucido*,
  612 F.3d 871 (6th Cir. 2010) ...............................................................20

*Wall v. Mich. Rental*,
  No. 15-13254, 2016 WL 3418539 (E.D. Mich. June 22, 2016) ........................19

*Willingham v. Glob. Payments, Inc.*,
  No. 1:12-CV-01157-RWS, 2013 WL 440702 (N.D. Ga. Feb. 5,
  2013) ................................................................................................23

**Statutes**

28 U.S.C. § 1332(d) ...............................................................................16

M.C.L. § 445.1712 *et seq.* ................................................................. iii, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................. 1, iii, 22

Mich. Court R. 3.501(A)(5) ....................................................................11

S.B. 490, 98th Leg. Reg. Sess. (Mich. 2016) ..................................*passim*

## PRELIMINARY STATEMENT

Plaintiffs' counsel have shaken twenty-five years of dust off of Michigan's Video Rental Privacy Act ("VRPA") and brought a series of lawsuits against many of the nation's publishers. These suits seek billions of dollars in statutory damages—enough to inflict severe damages on a sizeable portion of the country's magazine publishers—because publishers, like the Defendants here, allegedly used third parties to host subscriber databases and participated in marketing cooperatives to send direct mail advertisements to their readers. Each complaint, including this one, lacks any real world harm. Plaintiffs have not been embarrassed by the disclosure of information or lost money or suffered any actual injury as a result of those alleged disclosures. Recognizing the lack of harm to Michigan citizens, and the significant effect on publishers if Plaintiffs actually were to recover $5,000 per subscriber in damages, the Michigan legislature recently passed SB 490. That bill amends the VRPA to clarify that a plaintiff must allege and prove actual injury. This requirement applies retroactively, and plaintiffs fail to state a claim and lack standing because they have not alleged an actual injury. Their claims should be dismissed.

The Supreme Court's recent decision in S*pokeo Inc. v. Robins* ("*Spokeo*") further supports dismissal, regardless of whether SB 490 applies retroactively. *Spokeo* clarifies that "Article III standing requires a concrete injury even in the

context of a statutory violation." To be "concrete," an injury "must actually exist." Here, Plaintiffs do not plausibly allege that they suffered any concrete injury that actually exists or a material risk of future injury.

Plaintiffs' unjust enrichment claim also fails because, like their conclusory allegations of actual harm, they have not plausibly alleged they lost anything of value or that Defendants were "unjustly" enriched at their expense. Further, if SB 490's actual damages requirement is not given retroactive effect, Plaintiffs' unjust enrichment claim based on Defendants' disclosure of magazine information cannot stand because the VRPA provides their complete and exclusive remedy.

## BACKGROUND

Plaintiffs allege Defendants are media companies that publish magazines, including *Martha Stewart Living*, which Defendants jointly market and sell. Compl. ¶ 1.[1] Plaintiffs allege that, like most businesses, Defendants use third parties to assist them. *Id.* ¶¶ 36-37; 64-65. Plaintiff Alice Raden alleges she purchased a subscription to *Martha Stewart Living* magazine from Defendants around September 2013.  *Id.* ¶ 32. Plaintiff Bobbie Moore alleges she purchased her "most recent" subscription in May 2015.  *Id.* ¶ 42.

Plaintiffs' sole allegation is that Defendants disclosed "information that

---

[1] For purposes of this Motion to Dismiss, Defendants do not admit any of Plaintiffs' factual allegations.

identifies [them] as having purchased a subscription to *Martha Stewart Living*," which they call their "Personal Reading Information." *Id*. ¶ 36; 46. They complain about disclosures to so-called "data mining companies" and "database cooperatives." *Id*. ¶¶ 36, 37, 46, 47.[2]

Plaintiffs' claim that Defendants' disclosure of their so-called Personal Reading Information violates the VRPA. Compl. ¶ 4. And that as a result, their magazine subscriptions were less valuable than they thought. *Id.* ¶¶ 40, 50. They suggest that if they had known about Defendants' alleged VRPA violations before subscribing, they would not have subscribed. *Id.* They do not allege that they knew of the VRPA when they subscribed, or that any portion of the price they paid for their subscription was intended to ensure confidentiality of information.

## A. The VRPA

In 1988, after a newspaper published in a profile of Judge Robert Bork the titles of films his family had rented from a local video store, Congress passed the Video Privacy Protection Act. Compl. ¶ 11. A few weeks later, Michigan passed the VRPA, which placed limitations on the disclosure of customer information. M.C.L. § 445.1712.  For 25 years, the VRPA sat dormant, with no one ever charged with a misdemeanor or sued civilly. That changed in 2012 when attorneys

---

[2] Such allegations would not amount to a violation of the VRPA. Disclosures to these entities fall within the agency exception and the marketing exception. M.C.L. §§ 445.1712; 445.1713(d).

started brandishing it as a class action tool against magazine publishers.

In response to this sudden onslaught of litigation, on April 13, 2016, the Michigan legislature passed a bill amending the VRPA ("SB 490"). S.B. 490, 98th Leg. Reg. Sess. (Mich. 2016), attached as **Exhibit A**. On May 2, 2016, Michigan's governor signed SB 490. The bill clarifies that the VRPA requires a plaintiff to suffer actual damages to bring a claim. SB 490's Enacting Section states:

> This amendatory act is ***curative*** and is ***intended to clarify*** . . . that a civil action for a violation of those prohibitions [on disclosure of customer information] may only be brought by a customer ***who has suffered actual damages as a result of the violation.***

SB 490 Enacting Provisions, § 2 (emphasis added). This requirement is also in Section 5 of SB 490, which revised the previous version of the VRPA as follows (additions in capitalized, bolded text, deletions struck through):

> **(2) A** customer **DESCRIBED IN SUBSECTION (1) WHO SUFFERS ACTUAL DAMAGES AS A RESULT OF A VIOLATION OF THIS ACT** may bring a civil action against the person **THAT VIOLATED THIS ACT** and may recover both of the following:
>
> > (a) ~~Actual~~ **THE CUSTOMER'S ACTUAL** damages, including damages for emotional distress**.** ~~, or $5,000.00, whichever is greater.~~
> >
> > (b) ~~Costs~~ **REASONABLE COSTS** and ~~reasonable~~ attorney fees.

SB 490, § 5(2). During discussion of SB 490, Senator Rebekah Warren urged the Senate to reject the bill, warning "the law will likely be interpreted as retroactive." 33 Jour. of Mich. Senate, 98th Legis., Apr. 12, 2016 ("Senate Jour.") at 473 (excerpts attached as **Exhibit B**). She also tried to re-insert the original damages

provision that did not include language clarifying the actual injury requirement. *Id.* at 469. The Senate rejected these efforts, however, and passed SB 490.

### B. *Spokeo v. Robbins*

On May 16, 2016, the Supreme Court decided *Spokeo Inc. v. Robins*, No. 13-1339, 578 U.S. __ (May 16, 2016), Slip Op. Plaintiff, Thomas Robins had alleged that Spokeo violated the Fair Credit Reporting Act ("FCRA") by disseminating inaccurate information about his financial and educational status and other personal details. The district court dismissed Robins' case for lack of standing. *Id.* at 4. The Ninth Circuit reversed, holding that where a statute does not require proof of actual damages, a plaintiff can sue based on the statutory violation alone. *Id.* at 4-5. The Supreme Court vacated the Ninth Circuit's ruling, finding that a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 9. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation," or at least a "material risk of harm." *Id*. at 9, 11. A "bare procedural violation" is not enough. *Id*. at 9, 10.

### ARGUMENT

### I.   PLAINTIFFS FAIL TO STATE A JUSTICIABLE CLAIM UNDER THE VRPA

To establish Article III standing, a plaintiff must demonstrate (1) cognizable

injury, (2) traceable to the defendant's alleged conduct (3) redressable by judicial decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). To satisfy the injury-in-fact prong, a plaintiff must allege an "actual … invasion of a concrete and particularized legally protected interest." *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012) (internal quotation marks and citation omitted). Plaintiffs lack Article III standing because they can no longer rely on a violation of the VRPA to establish injury in fact where the VRPA was amended to require actual injury and, in any event, *Spokeo* requires more than a bare statutory violation.

For the same reasons Plaintiffs lack Article III standing, they also lack statutory standing. The Sixth Circuit has explained that "[w]here a plaintiff lacks statutory standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be granted." *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011). Here, the VRPA now requires a legally cognizable injury. Plaintiffs have not adequately alleged such injury, and therefore fail to state a claim upon which relief can be granted.

### A.  The Amended VRPA Requires Actual Damages

The VRPA requires a plaintiff to allege and prove actual injury.  Section 5 states that only a customer, "who suffers actual damages as a result of a violation of this act" may pursue a civil action. SB 490, § 5(2). The statute's enacting

section also expressly states that "a civil action for a violation … may only be brought by a customer who has suffered actual damages as a result of the violation." S.B. 490, Enacting Provisions, § 2.

## B.   The Actual Injury Requirement Applies to Plaintiffs' Claims

The VRPA's actual injury requirement applies to claims that accrued before the amendment's effective date. Michigan courts consider four principles when determining whether a law applies retroactively:

> First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute.

*LaFontaine Saline, Inc. v. Chrysler Group, L.L.C.*, 496 Mich. 26, 38-39 (2014).[3]

---

[3] Courts place heavy weight on the first element. *Duffy v. Grange Ins. Co. of Mich.*, No. 290198, 2010 WL 3655979, at *1 (Mich. Ct. App. Sept. 21, 2010) ("In determining whether a statute should be applied prospectively or retroactively, the intent of the Legislature controls.") The second element is inapplicable because "[s]econd rule cases relate to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute." *In re Certified Questions from U.S. Ct. of Appeals for the Sixth Cir.*, 416 Mich. 558, 571 (1982). Courts generally analyze elements three and four together, determining which of the contrasting categories the statute falls within. *See, e.g., Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 317 (1998) ("Accordingly, the present question is determined by either rule three or rule four.").

Under these principles, SB 490's actual injury requirement applies retroactively.

## 1.  The Michigan legislature intended retroactivity

The Michigan legislature intended SB 490's clarification of the actual injury requirement to apply to all VRPA claims, regardless of when they accrued. To determine if an amendment to a statute should be applied retroactively "'[t]he primary and overriding rule is that legislative intent governs.'" *Frank W. Lynch & Co. v. Flex Techs., Inc.*, 463 Mich. 578, 583 (2001). Courts are "guided by 'traditional tools of statutory construction' which include examination of the statutory 'language itself, the specific context in which the language is used, and the broader context of the statute as a whole,' as well as the statute's legislative history." *Reeves v. Reno*, 61 F. Supp. 2d 661, 665 (E.D. Mich. 1999).  These indicia demonstrate that Michigan's legislature intended retroactivity here.

***First***, the statute's plain language indicates retroactive intent. When examining a statute "[i]t is the duty of the court to give effect, if possible, to every clause and word ... avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1882). This includes the enacting section. *See In re Oswalt*, 444 F.3d 524, 529 (6th Cir. 2006). Here, the enacting section states that SB 490 is "***curative*** and intended to ***clarify***" that the VRPA requires actual

damages. SB 490, Enacting Provisions, § 2 (emphasis added).

Michigan courts recognize that where an amendment clarifies an existing law, it applies retroactively.  In *Allstate Ins. Co. v. Faulhaber*, 157 Mich. App. 164 (1987), the court held that because "the amendment was intended by the Legislature to clarify [an] ambiguity…the Legislature intended for it to apply retroactively to all actions." *Id*. at 167. Likewise, in *People v. Sheeks*, 244 Mich. App. 584 (2001), the court found a statute applied retroactively where the language "plainly indicates an intent to clarify the statute and to reform existing rights under the statute." *Id*. at 594; *see also In re Oswalt*, 318 B.R. at 821; *Kelly Servs., Inc. v. Dep't of Treasury*, 296 Mich. App. 306, 317 (2012).  Such intent may be express or implied.[4] *Faulhaber*, 157 Mich. App. at 167; *Sheeks*, 244 Mich. App. at 594.

Michigan courts also apply amendments retroactively when the amendment is curative.  In *Romein v. Gen. Motors Corp.*, 168 Mich. App. 444 (1988), *aff'd*, 436 Mich. 515 (1990), *aff'd*, 503 U.S. 181 (1992), in finding that an amendment to

---

[4] *Boelter v. Hearst Comm. Inc.*, No. 15-cv-3934, 2016 WL 3369541 (S.D.N.Y June 17, 2016), involved a New York federal court applying Michigan law and was wrongly decided.  Among other reasons, it relied heavily on the lack of express retroactivity language without considering the clear indications of the legislature's intent in the statutory text. It also gave outsized weight to the 90-day effective provision but failed to acknowledge a separate provision stating that the "act is ordered to take immediate effect," which renders that provision ambiguous at best. Furthermore, the court erred by lumping the whole of SB 490 together in its analysis of whether the actual damages requirement was remedial, which should have been considered apart from the rest of SB 490.

the Workers' Disability Compensation Act should apply retroactively, the court relied on the fact that the act "describe[d] the amendatory subprovisions as 'remedial and curative.'" *Id.* at 454.   In doing so, the court observed that "[c]urative legislation has been defined as legislation enacted to cure defects in prior law." *Id.* at 456; *see also GMC v. Dep't of Treasury*, 290 Mich. App. 355, 371 (2010) (curative amendment was retroactive); *Seaton*, 233 Mich. App. at 323 ("Courts have consistently upheld the retroactive application of 'curative' legislation which corrects defects subsequently discovered in a statute and which restores what Congress had always believed the law to be.").

*Second*, the legislature's intent is visible from the bill's legislative history. Courts are guided by a statute's legislative history when determining whether a statute applies retroactively.  *See Reeves*, 61 F. Supp. 2d at 665; *Morgan v. Taylor Sch. Dist.*, 187 Mich. App. 5, 12 (1991). Here, that history shows the Michigan legislature was aware of the retroactive effect of the actual injury requirement when it passed SB 490.

Senator Warren noted that "if passed, the law will likely be interpreted as retroactive." Senate Jour. at 473. Similarly, Plaintiffs' counsel objected to the House Commerce Committee that the bill's proponents were seeking to "giv[e] SB 490 retroactive effect." Testimony of Ari J. Scharg, Cmte. on Commerce and Trade, Mich. House of Reps., Feb. 9, 2016 ("Scharg Testimony"), at 10, attached

10

as **Exhibit C**. Legislators were well aware the bill's language would apply retroactively, but "determined that the benefits of retroactivity outweigh[ed] the potential for disruption or unfairness." *Frank W. Lynch & Co.*, 463 Mich. at 587. If anything, applying the injury requirement retroactively *cures* an unfairness. Michigan law already prohibits actions seeking statutory damages without actual injury from proceeding as class actions in state court. *See* Mich. Court R. 3.501(A)(5). It is only because of a procedural loophole that plaintiffs have such actions in federal court. Applying the actual injury requirement retroactively closes that loophole and harmonizes the VRPA with MCR 3.501(A)(5).

*Third*, the fact that the amendment was adopted amid ongoing controversy over statutory standing supports a finding that the legislature intended retroactive effect. "In the absence of an express intent to make the amendment prospective only, courts must look to the facts and circumstances surrounding the adoption of the amendment to determine whether or not the legislature intended it to be retroactive." *Lahti v. Fosterling*, 357 Mich. 578, 589 (1959).

Michigan federal courts have presided over multiple VRPA class actions. The courts have repeatedly struggled with the question of whether the statute required a plaintiff to suffer actual damages to have standing. *See, e.g.*, *Cain v. Redbox Automated Retail, L.L.C.*, 981 F. Supp. 2d 674, 682–84 (E.D. Mich. 2013); *Halaburda v. Bauer Pub. Co.,* No. 12-CV-14390, 2013 WL 4012827, at *4 (E.D.

11

Mich. Aug. 6, 2013); *Kinder v. Meredith Corp.*, No. 14-CV-11284, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014). The answer was not clear. In *Halaburda*, this Court noted its "hesitation" to find that allegations like those here "meet the definition of an injury in fact" and "reluctance" to find that the VRPA does "not require a showing of actual damages." 2013 WL 4012827, at *4-5. The court held, however, that it could not distinguish the case from the Sixth Circuit's decision in *Beaudry v. TeleCheck Servs., Inc.,* 579 F.3d 702 (6th Cir. 2009), finding that the FCRA did not require actual damages. Chief Judge Rosen expressed the same hesitation in another VRPA case. *See Cain*, 981 F. Supp. 2d at 683.

The Michigan Legislature addressed these doubts with SB 490, making the VRPA distinguishable from the FCRA and *Beaudry*. The legislature knew of this ongoing controversy and that courts had interpreted the VRPA to not require actual damages. Senator Warren noted the current VRPA-related controversy, Senate Jour. at 473, as did Plaintiffs' counsel, **Exhibit C**; Scharg Testimony at 1. Where an amendment is "enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change." *Det. Edison Co. v. Dep't of Revenue*, 320 Mich. 506, 520 (1948).

### 2. The actual damages requirement is remedial

The damages requirement applies to claims that accrued before the effective date because the provision is remedial and does not impact a vested right. "Statutes related to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing will, in the absence of language clearly showing a contrary intention, be held to operate retrospectively and apply to all actions accrued, pending or future, there being no vested right to keep a statutory procedural law unchanged and free from amendment." *Seaton*, 233 Mich. App. at 318. Clarifying that plaintiffs must prove actual damages meets this description.

### a)  The requirement is remedial

SB 490 is remedial because it clarifies an existing law. "A statute is remedial if it is designed to correct an existing oversight in the law … or is intended to reform or extend existing rights." *Duffy v. Grange Ins. Co. of Mich.*, No. 290198, 2010 WL 3655979, at *2 (Mich. Ct. App. Sept. 21, 2010). The Michigan legislature amended Section 5 to clarify that plaintiffs bringing civil actions under the VRPA must suffer actual injury and to cure (or remedy) the defect in the prior version of the law that allowed for no-injury actions to go forward. *See supra* Section I.B. Such amendment is remedial in that it "abridge[s] superfluities of former laws, remedying defects therein, or mischiefs thereof." *Rookledge v. Garwood*, 340 Mich. 444, 453 (1954).

13

The actual damages requirement is also remedial because it impacts only how a plaintiff enforces a VRPA right. A "remedial statute" is one related to "the means employed to enforce a right or redress an injury." *Id.*; *accord Dale Baker Oldsmobile, Inc. v. Fiat Motors of N.A., Inc.*, 794 F.2d 213, 216 (6th Cir. 1986). In *In re Certified Questions from U.S. Ct. of Appeals for the Sixth Circuit*, 416 Mich. 558 (1982), the Michigan Supreme Court categorized as remedial a statute imparting a comparative negligence regime in product liability actions. *Id.* at 578. The court explained that "[s]ince the Legislature has adopted comparative negligence as a principle which reduces plaintiff's damages in proportion to the amount of his negligence, such legislation operates to improve and further a remedy." *Id.* Similarly, in *Faulhaber*, the court found remedial an amendment that effectively changed the statute of limitations for a claim from three years (under the catchall provision) to two years. 157 Mich. App. at 168. "[T]he amendment did not create a new substantive right for insurance companies but instead simply provided for a definitive statute of limitations in reimbursement actions." *Id.* at 167. SB 490 likewise does not create a new substantive right, but instead provides a definitive statement of the Michigan legislature's intent that a plaintiff must suffer actual injury before seeking to bring a civil VRPA action.

b) SB 490 does not take away Plaintiffs' vested rights

SB 490 does not take away a vested right. All SB 490 takes away is the

14

Plaintiffs' statutory ability to recover something—$5,000—for nothing (without injury). "It is the general rule that that which the legislature gives it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti*, 357 Mich. at 589; *see also AG v. City of Flint*, 269 Mich. App. 209, 216 (2005) ("A right that arises by statute is valuable, but not vested"). In *City of Flint*, the court evaluated the retroactivity of a statute reducing the compensation of local council members.  The court found the council members had no vested right to a certain level of continued compensation on the ground that any right they had to that compensation level arose by statute and could be eliminated by statute. *Id.* Here, even assuming the legislature originally intended to allow Plaintiffs to recover $5,000 without any actual injury (which it clarified it did not), the legislature can change its mind.

Further, "a right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws." *Charter Twp. Of Van Buren v. Garter Belt, Inc.*, 258 Mich. App. 594, 633 (2003) ("[N]o one has a vested right to the continuation of an existing law by precluding the amendment or repeal of the law."); *GMAC LLC v. Dep't of Treasury*, 286 Mich. App. 365, 378 (2009) ("[A] vested right cannot be premised on an expectation that general laws will continue."). Plaintiffs can, at most, assert that they could, under the previous

version of the VRPA, bring a civil action without suffering any actual injury, and now the legislature has clarified that they may not.  But even if that were the case, the ability to obtain a $5,000 windfall without suffering any injury is not a vested right; and plaintiffs may assert a claim if they have actual injury.  The VRPA as amended requires that a plaintiff suffer actual injury. That requirement applies retroactively and prospectively. Accordingly, Plaintiffs can no longer rely on the mere allegation of a violation of the statute as injury-in-fact to confer Article III standing. They must allege actual cognizable injury. The injuries they vaguely reference in their Complaint, however, do not qualify as legally protected interests sufficient to confer standing.[5]

### C.  Plaintiffs Cannot Rely on a Bare Violation of the VRPA as Their Injury-In-Fact

Plaintiffs' Complaint should be dismissed because, even if the VRPA does not require actual injury, *Spokeo* clarifies that a plaintiff cannot rely on a mere statutory violation to establish Article III standing. Instead, a plaintiff must demonstrate (1) cognizable injury-in-fact, (2) traceable to the defendant's alleged conduct, and (3) redressable by judicial decision. *See Friends of the Earth*, 528 U.S. at 180-81. To assert an injury-in-fact, a plaintiff must allege an "actual…

---

[5] That Plaintiffs can no longer avail themselves of statutory damages without any injury renders them unable show that the amount in controversy in this case exceeds the $5 million needed for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d).

16

invasion of a concrete and particularized legally protected interest." *Doe*, 698 F.3d at 882 (internal quotation marks and citation omitted).

Each Plaintiff's sole allegation against Defendants is that they disclosed "information that identifies [her] as having purchased a subscription to *Martha Stewart Living*," which she calls her "Personal Reading Information." Compl. ¶¶ 36, 46. Plaintiffs complain about disclosures to so-called "data miners" and "database cooperatives." *Id.* ¶¶ 37, 47. Plaintiffs do not identify any risk of future harm emanating from these disclosures, claiming only that Defendants' disclosure of their so-called Personal Reading Information violates the VRPA. Compl. ¶ 4.

These allegations are similar to the allegations in *Halaburda*. At the motion to dismiss stage in *Halaburda*, a court in this District held that "it was unclear ... whether plaintiffs could articulate any injury other than a violation of the statute." *Halaburda*, 2013 WL 4012827, at *4. It nevertheless relied on the Sixth Circuit's decision in *Beaudry* to find that the plaintiffs had alleged a sufficient injury-in-fact to confer standing. *Halaburda,* 2013 WL 4012827, at *5. In particular, the Court pointed to *Beaudry's* pronouncement that a plaintiff alleging solely a bare violation of a statute without alleging actual injury has Article III standing because Congress "has the power to create new legal rights, [including] right[s] of action whose only injury-in-fact involves the violation of that statutory right." *Id.* (quoting *Beaudry*, 579 F. 3d at 707). *Spoke*, however, clarified that "Congress' role in identifying

17

and elevating intangible harms ***does not mean*** that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, slip op. at 9 (emphasis added). Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Plaintiffs' allegations of a VRPA violation are insufficient to confer standing. *Spokeo* makes clear that plaintiffs must show "concrete and particularized" injury, with concrete meaning "'real,'" "not 'abstract,'" and "it must actually exist." *Spokeo*, slip op. at 8. While a legislature can identify intangible harms not previously recognized at law,[6] a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 11. The Supreme Court explained that the plaintiff in *Spokeo* "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."[7]

This aspect of *Spokeo* was recognized by *Gubala v. Time Warner Cable Inc.,*

---

[6] Because SB 490 clarified the Michigan legislature's intent that a plaintiff must suffer actual damages in order to bring a private action, this case is different from many others where legislative action may indicate that no-injury lawsuits were intended. Thus, there is no need to guess what the Michigan legislature intended because it has directly spoken on the matter in the guise of SB490.

[7] While the Court in *Spokeo* remanded for determination of whether alleged falsities in plaintiff's credit report "entail a degree of risk" of harm "sufficient to meet the concreteness requirement" (*id.* at 11), there are no false statements or any other grounds for alleging a concrete "material risk of harm" in this case. *Id.*

No. 15-CV-1078, 2016 WL 3390415 (E.D. Wis. June 17, 2016), which found that plaintiff lacked standing notwithstanding an alleged legislatively identified interest. There, plaintiff claimed that defendant violated the Cable Act's requirement that cable operators destroy personally identifiable information. *Id.* at *4. The court recognized that Congress "identified and elevated an intangible harm—the risk to subscribers' privacy created by the fact that cable providers have an 'enormous capacity to collect and store personally identifiable data about each cable subscriber.'" *Id.* The court nonetheless found that plaintiff lacked standing because there were "no allegations . . . that the plaintiff has suffered a *concrete* injury as a result of the defendant's retaining his personally identifiable information." *Id.*[8]

---

[8] Other district courts have reached similar conclusions. *See, e.g., Wall v. Mich. Rental*, No. 15-13254, 2016 WL 3418539, at *3 (E.D. Mich. June 22, 2016) (no standing where plaintiffs "do not assert a risk that exposed them to 'real' financial harm"); *Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 WL 3598297, at *3 (E.D. La. July 5, 2016) (no standing where plaintiff "fail[ed] to plead facts demonstrating how this statutory violation caused him concrete harm"); *Smith v. Ohio State Univ.*, No. 2:15-CV-3030, 2016 WL 3182675, at *6-8 (S.D. Ohio June 8, 2016) (no standing where plaintiffs "admitted that they did not suffer a concrete consequential damage" from alleged FCRA violation); *Khan v. Children's Nat'l Health Sys.*, No. 15-2125, 2016 WL 2946165, at *7 (D. Md. May 19, 2016) (no standing where plaintiff "failed to connect" alleged statutory violations "to a concrete harm"); *Groshek v. Time Warner Cable, Inc.*, No. 15-157 (E.D. Wisc. August 9, 2016); *Jamison v. Bank of Am.,, N.A.*, No. 2:16-cv-00422, 2016 WL 3653456 (E.D. Cal. July 7, 2016); *Attias v. CareFirst, Inc.*, No. 15-cv-00882, 2016 WL 4250232 (D.D.C. Aug. 10, 2016); *Romero v. Dept. Stores Nat'l Bank*, No. 15-CV-193, 2016 WL 4184099 (S.D. Cal. Aug. 5, 2016); *Hancock v. Urban*

So too here, allegations of a procedural violation of the VRPA without any resulting concrete harm do not satisfy Article III.  To the extent *Beaudry* dictated a different result, it has now been overruled or at least called into question. *Hyman v. TV Guide Magazine, LLC*, No 15-cv-13769 (E.D. Mich. August 1, 2016) (*Spokeo* "means that the Sixth Circuit's *Beaudry* holding that recovery under the FCRA is permitted without any 'identifiable or measurable actual damages' ***is no longer correct***.  Courts must determine whether the plaintiff has suffered actual harm ***apart from the defendant's alleged statutory violation***.") (emphasis added); *see also U.S. v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) ("an inconsistent decision of the United States Supreme Court requires modification of the earlier panel decision.") (internal quotations omitted). Plaintiffs cannot write their ticket to federal court by asserting Defendants' (alleged) violation of the VRPA as their injury-in-fact.[9]

### D. Plaintiffs' Other Alleged Harms Do Not Confer Standing

Plaintiffs' allegation that they paid more for the subscription than they would have had they known about Defendants' alleged practices or that they would

---

*Outfitters, Inc.*, No. 14-7047, 2016 WL 3996710 (D.C. Cir. July 26, 2016).

[9] That the VRPA is a state statute does not alter the result. "States cannot alter [the role of federal courts] simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse." *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2658 (2013). Thus, *Spokeo's* admonition that "Article III standing requires a concrete injury even in the context of a statutory violation," applies regardless of which legislative body enacted the statute. *See Spokeo*, slip op. at 9.

not have paid at all is not enough to confer standing. To the contrary, it recasts the oft-rejected argument that disclosure diminishes the value of a plaintiff's personal information. *See Low v. LinkedIn Corp.*, No. 11–CV–01468, 2011 WL 5509848, at *4–5 (N.D. Cal. Nov. 11, 2011) (finding allegation "that [plaintiff] was not justly compensated for [defendant's] transfer of his personal data" was "too abstract and hypothetical to support Article III standing"); *Galaria v. Nationwide Mut. Ins. Co.*, 998 F. Supp. 2d 646, 658 (S.D. Ohio 2014) (refusing to find "that the loss of privacy alone constitutes an injury sufficient to confer standing").

Plaintiffs here assert overpayment and would-not-have-shopped theories with mere conclusions.  Plaintiffs fail to allege that they paid anything specific for additional "privacy protections," that they would have commanded a discount to forego the protections of the VRPA, or that Michigan subscriptions are worth more because they include VRPA protections. They also do not allege that they relied upon or read the VRPA before subscribing—which makes sense given they do not allege that they even knew of the VRPA when subscribing.  Plaintiffs' conclusory allegations cannot confer Article III standing.

An alleged violation of Plaintiffs' common law privacy right does not confer standing because disclosing subscription information cannot invade the common law right of privacy.  The common law right to privacy protects only "against four types of invasion of privacy: (1) intrusion upon the plaintiff's seclusion or solitude,

or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity that places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Doe v. Mills*, 212 Mich. App. 73, 80 (1995). Defendants have not intruded upon Plaintiffs' seclusion by allegedly disclosing *their business records* because they did not obtain them "by a means or method that is objectionable to a reasonable person." *Saldana v. Kelsey-Hayes Co.*, 178 Mich. App. 230, 233 (1989) (parties' business relationship can limit intrusion upon seclusion claims). Nor do Plaintiffs allege Defendants appropriated their likenesses, made public disclosures that placed them in a false light, or disclosed "embarrassing private facts."

## II.   PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS

### A.   Plaintiffs Fail to Allege an Unjust Enrichment Claim

Plaintiffs fail to state a claim for unjust enrichment under Fed. R. Civ. P. 12(b)(6). Unjust enrichment is the retention of "money or benefits which in justice and equity belong to another." *McCreary v. Shields*, 333 Mich. 290, 294 (1952). The defendant must be "unjustly enriched at the expense of another." *Kammer Asphalt Paving Co. v. E. China Twp. Sch.,* 443 Mich. 176, 185 (1993). While a plaintiff's recovery is calculated by the defendant's benefit, the plaintiff *must suffer loss* such that the defendant's gain is at her expense. *See Allor v. DeClark, Inc.*, No. 300953, 2012 WL 555779, at *2 (Mich. Ct. App. Feb. 21, 2012). "The

mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." *NL Ventures VI Farmington, LLC v. City of Livonia*, No. 323144, 2015 WL 9392721 (Mich. Ct. App. Dec. 22, 2015).

Plaintiffs fail to allege that they lost anything of value. Plaintiffs' unjust enrichment theory is that they would not have paid Defendants for their magazine subscription had they known Defendants would disclose their information. Compl. ¶¶ 40, 50. But Defendants were entitled to have their personal data once they subscribed and courts have repeatedly held that such data has no inherent monetary value and plaintiffs do not suffer loss when such data is disclosed. *See Willingham v. Glob. Payments, Inc*., No. 1:12-CV-01157-RWS, 2013 WL 440702, at *7 (N.D. Ga. Feb. 5, 2013) ("PII does not have an inherent monetary value."); *In re JetBlue Airways Corp. Privacy Litig*., 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) (passenger data disclosed in violation of airline's privacy policy had no compensable value). Even if Plaintiffs' Personal Reading Information has monetary value, Plaintiffs fail to allege facts showing Defendants' disclosures deprived them of that value. *See Galaria*, 998 F. Supp. 2d at 660 (plaintiffs "failed to allege any facts explaining how their PII became less valuable").

Nor is Plaintiffs' subscription price an adequate loss. Plaintiffs do not allege that they did not receive the magazines they purchased. They concede that

23

Defendants sent them magazines. Compl. ¶¶ 40, 50, 82.[10] And their allegation that they would not have purchased their subscriptions at all is factually untenable and fails to pass muster where they fail to assert an awareness of the VRPA when they subscribed. In *Carlsen v. GameStop, Inc.*, No. 15-2453, 2016 WL 4363162, at *6 (8th Cir. Aug. 16, 2016)[11] the Court affirmed dismissal of an unjust enrichment claim where the plaintiff did not "allege that any specific portion of his subscriber fee went toward data protection or that GameStop agreed to provide additional protection to paid subscribers that it did not also provide to non-paid subscribers." Although Plaintiffs assert that Defendants should not be able to retain money received from disclosing Plaintiffs' personal data, Compl. ¶ 72, they fail to identify any money Defendants received. Such conclusory allegations are not enough.

### B. If the Amendment Does Not Apply Retroactively, the VRPA Provides Plaintiffs' Exclusive Remedy

If the Court does not dismiss Plaintiffs' VRPA claim, their unjust enrichment claim should be dismissed because their VRPA claim preempts it. Plaintiffs' unjust enrichment claim is premised on their theory that the price they

---

[10] Any benefit conferred to Defendants was also not unjust. *See Bristol Mfg. v. Jennings Gen. Maint., Inc*., No. 272006, 2008 WL 1004879, at *6 (Mich. Ct. App. Apr. 10, 2008) ("It is not enough that . . . the defendant received a benefit. ... [T]he plaintiff must show that the defendant was unjustly or inequitably enriched at the plaintiff's expense.").

[11] *GameStop* held that overpayment could support standing in a breach of contract claim. Plaintiffs make no such claim and that holding is of limited value here.

paid for their subscriptions entitled them to non-disclosure of their Personal Reading Information. Compl. ¶ 83.  Any purported entitlement to non-disclosure, however, is alleged to arise only from the VRPA's prohibitions on disclosure. *Id.*

Because the VRPA covers any privacy interest in non-disclosure of Plaintiffs' Personal Reading Information, if Plaintiffs' VRPA claim survives the Amendment, it preempts their unjust enrichment claim.  *See, e.g.*, *Dep't of Agric. v. Appletree Mktg., L.L.C.*, 485 Mich. 1, 7–10 (2010) ("[I]f 'a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only.'"). Plaintiffs either have a claim under the VRPA for Defendants' allegedly improper disclosure of their Personal Reading Information (in which case the VRPA provides them a complete and adequate remedy), or they do not (in which case, Defendants cannot have been unjustly enriched under Plaintiffs' theory which relies entirely upon Defendants' alleged violation of the VRPA).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

Dated:  September 26, 2016

/s/ Jacob Sommer
Jacob Sommer
Nury Siekkinen
ZWILLGEN PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5203

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
HONIGMAN MILLER SCHWARTZ
AND COHN, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7400
rjackson@honigman.com
aoreilly@honigman.com
*Counsel for Defendant Meredith Corporation*

/s/ Brendan J. Healey
Steven L. Baron
Brendan J. Healey
MANDELL MENKES LLC
One North Franklin, Ste. 3600
Chicago, IL 60606
(312) 251-1000

Andrew M. Harris (P62265)
KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
One Woodward Avenue, Suite 2400
Detroit, Michigan 48226-5485
Telephone: 313- 965-7991
andrew.harris@kitch.com

*Counsel for Defendant Martha Stewart Living Omnimedia, Inc.*

26

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 26, 2016, I electronically filed the foregoing Motion to Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) with the Clerk of the Court via the ECF system, which will send a notification of such filing to all counsel of record.

/s/ Andrew M. Harris
_____

DET02:2276554.1