UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE RADEN and BOBBIE MOORE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

Case No. 16-12808
Honorable Linda V. Parker

MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware Corporation, and MEREDITH CORPORATION, an Iowa Corporation,

Defendants.
_________________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) [ECF NO. 11]**

Plaintiffs Alice Raden and Bobbie Moore (collectively, "Plaintiffs") filed this class action complaint alleging that Defendants Martha Stewart Living Omnimedia, Inc. ("Martha Stewart Living Omnimedia") and Meredith Corporation ("Meredith") (collectively, "Defendants") violated Michigan's Personal Privacy Protection Act, M.C.L. § 445.1712[1] ("PPPA") and were unjustly enriched by disclosing sensitive and statutorily protected information to third parties. In particular, Plaintiffs allege that Defendants disclosed their personal reading

[1] The statute is also referred to as the Michigan Video Rental Privacy Act.

information to data mining companies in violation of the PPPA. (ECF. No. 1 ¶ 27.) Plaintiffs also contend that Defendants sold "highly detailed customer lists" including sensitive information about them to interested third parties. (*Id.* ¶ 28.)

Presently before the court is Defendants' motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on September 26, 2016. (ECF No. 11.) The motion has been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' pleadings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants in part and denies in part Defendants' motion.

## I. Applicable Standards

Federal Rule of Civil Procedure 12(b)(1) allows for motions asserting lack of jurisdiction of the subject matter. Fed. R. Civ. P. 12(b)(1). Where a Rule 12(b)(1) motion contains a factual attack, the court need not construe the allegations in the non-moving party's favor because the burden of proving jurisdiction is on the party asserting it. Moreover, it is recognized that a party faced with a Rule 12(b)(1) motion to dismiss may not rest on the truth of the facts asserted in its pleadings. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990) ("[W]hen a court reviews a complaint under a factual attack [on jurisdiction], ... no presumptive truthfulness applies to the factual

allegations."); *Exchange Nat'l Bank of Chicago v. Touch Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir.1976) ("[A] party opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist.").

"When a defendant moves for a motion to dismiss under both Rule 12(b)(1) and (b)(6), the court should consider the 12(b)(1) motion first because the 12(b)(6) motion is moot if subject matter jurisdiction does not exist." *Taylor v. Dep't of Human Servs. of Michigan*, No. 09–CV–14639, 2010 WL 1257347, at *1–2 (E.D.Mich. Mar. 30, 2010) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a

court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II. Background

Plaintiffs Raden and Moore are prior subscribers to *Martha Stewart Living*, a magazine owned and operated by Defendants. Raden purchased her one-year subscription to the magazine in September 2013. (ECF No. 1 ¶ 32.) Moore purchased her most recent subscription to *Martha Stewart Living* from Defendants in May 2015. (*Id.* ¶ 42.) Both Raden and Moore did not give Defendants permission or prior notice that their personal reading information would be disclosed to data mining companies or unrelated third party companies. (*Id.* ¶¶ 34, 35, 46, 47.)

Plaintiffs contend that this disclosure of information violates their rights under the PPPA. (*Id.* ¶¶ 38, 48.) Further, Plaintiffs allege that Defendants profited from the disclosures of their personal reading information by selling their information to third parties. (*Id.* ¶¶ 40, 49.) On July 31, 2016, Plaintiffs filed a class action complaint on behalf of "[a]ll Michigan residents who purchased a subscription to *Martha Stewart Living* magazine." (*Id.* ¶ 51.)

In response, Defendants filed a motion to dismiss on September 26, 2016. (ECF No. 11.) Defendants' motion makes two arguments: (1) Plaintiffs lack standing to make a claim because they have suffered no actual injury and (2) Plaintiffs' unjust enrichment claim fails because they have not lost anything of value. (*Id.*) The Court will now address the two issues in turn.

## III. Analysis

### A. Standing

To establish standing, a plaintiff must show that: (1) he has suffered an injury in fact that is "concrete and particularized" and "actual or imminent"; (2) the injury is "fairly ... trace[able] to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way" and it is concrete if it is "tangible." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016). An "intangible" harm may also be concrete where it is a *de facto* harm that the legislature has "identif[ied] and elevat[ed]" such that an individual may seek relief when they suffer a harm. *See id.*

The Sixth Circuit has recently addressed the issue of when a plaintiff has Article III standing in a suit involving the PPPA. In *Coulter-Owns v. Time Inc.*,

the Sixth Circuit stated that "given that the PPPA contains an express private right to sue, it confers statutory standing on a person whose information was disclosed in violation of it. Moreover, the disclosure of that information is a cognizable injury in fact for purposes of Article III standing." *See Coulter-Owens v. Time Inc.*, No. 16-1321, 2017 WL 2731309, at *3 (6th Cir. June 26, 2017).

This Court recognizes that the PPPA gives Plaintiffs a legally protected interest in the privacy of their reading choices. Therefore, the Court finds that Plaintiffs have standing to sue.

**B. Michigan Personal Privacy Protection Act**

The Court now turns to whether the PPPA should be applied retroactively. The PPPA provides that a person:

> engaged in the business of selling at retail, renting, or lending books or other written materials…shall not knowingly disclose to any person, other than the customer, a record or information that personally identifies the customer as having purchased, leased, rented, or borrowed those materials from the person engaged in the business.

M.C.L. § 445.1712(1). A person who violates the PPPA can be found guilty of a misdemeanor and be held liable for damages, including damages for emotional distress. M.C.L. §§ 445.1714; 445.1715. In prior cases, this district has found that "a close reading of the [PPPA] reveals that it contains absolutely no language to require that a claimant suffer any actual injury apart from a violation of the statute." *Halaburda v. Bauer Pub. Co., LP*, No. 12-CV-12831, 2013 WL 4012827,

at *4 (E.D. Mich. Aug. 6, 2013). A party whose PPPA rights had been violated could also recover "[a]ctual damages…or $5,000.00, whichever is greater." 1989 Mich. Pub. Act. No. 206 (codified at M.C.L. §§ 445.1715(2)(a) until amended by 2016 Mich. Pub. Act. No. 92.)

However, the PPPA was amended in 2016 by the Michigan legislature in Senate Bill 490. *See* 2016 Mich. Pub. Act. No. 92. The amended PPPA does not include the $5,000 statutory damages provision. *See* M.C.L. §§ 445.1715(2)(a). Rather, the amended PPPA states that an individual:

> who suffers *actual* damages as a result of a violation of this act may bring a civil action against the person that violated this act and may recover both of the following:
>
> > (a) The customer's actual damages, including damages for emotional distress.
> >
> > (b) Reasonable costs and attorney fees.

M.C.L. §§ 445.1715(2)(a)-(b) (emphasis added). Senate Bill 490 became effective on July 31, 2016. *See* 2016 Mich. Pub. Act No. 92.

Defendants argue that Senate Bill 490 replies retroactively, and therefore Plaintiffs are unable to proceed with their suit without actual damages. (ECF No. 11 at Pg ID 69.) First, Defendants point to the language in Senate Bill 490, which states that the amendment is "curative and intended to clarify" that there is an actual injury requirement. (*Id.* at Pg ID 69-70.) Next, Defendants turn to comments made by the legislatures related to whether the amendment should be

applied retroactively. (*Id.* at Pg ID 70.) Last, Defendants note that the amendment was adopted during a period of "ongoing controversy over statutory standing" and list three cases within this district that attempted to resolve the issue. (*Id.* at 72-73.)

Plaintiffs disagree, and contend that Senate Bill 490 should not be applied retroactively. At least two cases resolved in this district agree with Plaintiff and held that Senate Bill 490 is not retroactive. *Perlin v. Time Inc.*, No. 16-10635, 2017 WL 605291 (E.D. Mich. Feb. 15, 2017); *Moeller, et al. v. American Media, Inc. et al.*, No. 16-cv-11367, 2017 WL 416430 (E.D. Mich. Jan. 27, 2017).

In determining whether a Michigan statute should be applied retroactively or prospectively, courts must look to legislative intent. *Frank W. Lynch & Co. v. Flex Technologies, Inc.*, 624 N.W.2d 180, 182 (Mich. 2001). Generally, statutes are considered prospective "unless the contrary intent is clearly manifested." *Id.* (internal quotation omitted). This is "especially true if retroactive application of a statute would impair vested rights, create a new obligation and impose a new duty, or attach a disability with respect to past transactions." *Id.*

This Court does not need to reach a conclusion on whether the amended PPPA should be applied retroactively in this matter. The reading of the statute makes clear the statute went into effect on July 31, 2016. At the top of Senate Bill 490, the effective date is listed as July 31, 2016. 2016 Mich. Pub. Act No. 92.

Plaintiffs filed their complaint on July 31, 2016—the day the amended PPPA went into effect. *Id.* ("This act is ordered to take immediate effect.") Therefore, the amended PPPA is the controlling version of the statute in this matter and Plaintiffs are bound by the amended act's statutory requirements. *See* 2016 Mich. Pub. Act No. 92.

Under the amended PPPA, an individual can only recover monetarily if they have suffered from "actual damages." M.C.L. §§ 445.1715(2). In their complaint, Plaintiffs do not allege any actual damages from Defendants' alleged disclosure of their information. (*See* ECF No. 1.)

Therefore, this Court dismisses Count I of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C. Unjust Enrichment**

Plaintiffs contend that Defendants have profited from disclosing their personal reading information to third parties. In the complaint, Plaintiffs request that this Court not only award them the profits from the alleged unlawful disclosures, but also to refund class members the money they paid for their magazine subscriptions. (ECF No. 1 ¶¶ 84-86.) Defendants argue that Plaintiffs

have not "lost anything of value" by purchasing a magazine subscription with them. (ECF No. 11 at Pg ID 84.)[2]

An unjust enrichment claim under Michigan law requires proof of the following: "(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to [the] plaintiff because of the retention of the benefit by the defendant." *Erickson's Flooring & Supply Co. v. Tembec, USA, LLC*, 212 F. App'x 558, 564 (6th Cir. 2007) (quoting *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993)).

Plaintiffs have adequately pled a claim for unjust enrichment. Defendants alleged disclosures of Plaintiffs' information led to a benefit for Defendants—monetary gain from selling the information to third parties. (ECF No. 1 ¶ 28.) Further, Plaintiffs alleged that Defendants' unlawful disclosures of their personal reading information made their subscriptions less valuable.[3] (*Id.* ¶¶ 40, 50.)

## IV. Conclusion

Accordingly,

---

[2] Defendants also argue that if Plaintiffs are successful on their PPPA claim, their unjust enrichment claim should be dismissed because the PPPA preempts it. This Court has dismissed the PPPA claim and therefore does not need to discuss preemption.

[3] This Court is not alone in finding a successfully pled unjust enrichment claim through the unlawful disclosure of individuals' personal reading information. See, e.g., *Perlin*, No. 16-10635, 2017 WL 605291 at *14-15; *Moeller*, et al., No. 16-cv-11367, 2017 WL 416430 at *5.

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 11) is **GRANTED IN PART** as to Count I and **DENIED IN PART** as to Count II;

**IT IS FURTHER ORDERED** that Count I of Plaintiffs' complaint is dismissed.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 20, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 20, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager