# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of all others similarly situated, | Case No. 2:16-cv-12808 |
| | Judge Linda V. Parker |
| Plaintiffs, | |
| v. | |
| MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware Corporation, and MEREDITH CORPORATION, an Iowa Corporation, | |
| Defendants. | |

## DEFENDANTS' JOINT RESPONSE TO
## PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION

## STATEMENT OF THE ISSUE PRESENTED

Should the Court reconsider its Order dismissing Plaintiffs' claim under the

Michigan Personal Privacy Protection Act when motions for reconsideration are

extreme measures and rarely granted and when the Order was correctly decided?

Defendants' Answer: No

## CONTROLLING AND MOST IMPORTANT AUTHORITY

*Rodriguez v. Tenn. Laborers Health & Welfare Fund.*, 89 Fed. Appx. 949 (6th Cir. 2004)

*Ballog v. Knight Newspapers, Inc.*, 164 N.W.2d 19 (Sup. Ct. 1969)

E.D. Mi. Local Rule 7.1(h)

Plaintiffs Alice Raden and Bobbie Moore ask this Court to take the extraordinary step of reconsidering its prior decision on Defendants' Motion to Dismiss. For good reason, motions to reconsider are discouraged and seldom granted. Courts in the Eastern District of Michigan (and everywhere else) discourage litigants from attempting to relitigate losing arguments. In this case, the parties extensively briefed the implications of amendments to the Michigan Preservation of Personal Privacy Act ("PPPA"), M.C.L. §§ 445.1711-15, and the Court properly ruled that the Plaintiffs failed to fulfill a basic pleading requirement to show actual damages. Procedurally, this motion is barred, and substantively it is meritless. Accordingly, Defendants[1] respectfully request that this Court deny Plaintiffs' Motion for Partial Reconsideration.

## I.  Reconsideration is an extreme remedy, applicable in rare situations, and seldom granted.

Plaintiffs seek reconsideration under Fed. R. Civ. P. 54(b), which allows for reconsideration of interlocutory orders under certain, limited circumstances. "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (denying reconsideration on motion for summary judgment). "A motion for reconsideration should not be used liberally to get a second bite of the

---

[1] This Court's Order of August 15, 2017 directed only Martha Stewart Living to respond. (Dkt. 28.) Defendant Meredith respectfully requests that it be allowed to respond and joins in this response.

apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, 2010 U.S. Dist. LEXIS 137584, *3 (E.D. Mich. Dec. 30, 2010) (denying reconsideration on motion for summary judgment). A district court will reconsider an order only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund.*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). Plaintiffs seek reconsideration under the third category, contending that the court has made a clear error. (Dkt. 27 at 6-7.)

The Local Rules for the Eastern District of Michigan, which the Plaintiffs do not address in their motion[2], strongly discourage motions for reconsideration. According to LR 7.1(h)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issue ruled upon by the Court, either expressly or by reasonable implication." As one judge put it, Plaintiffs are only inviting the Court to "rethink what [it] already thought through—rightly or wrongly." *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Not only could Plaintiffs have raised these arguments in their motion, they actually argued the effects of the amendments at length. The parties extensively

---

[2] Local Rule 7.1(h) also mandates that motions for reconsideration must be brought within 14 days of entry of the order. LR 7.1(h)(1). Plaintiffs waited 18 days to bring their motion for reconsideration.

briefed the implications of the amendments to the PPPA in connection with Defendants' motion to dismiss. (*See* Dkt. 11 at 6-19; Dkt. 16-21; Dkt. 14 at 1-5; Dkt. 20 at 2; Dkt. 21 at 1-3.) Plaintiffs nonetheless seek to re-litigate the implications of the PPPA's effective date, and they are merely presenting the same issue upon with the Court already ruled. This provision of the Local Rules thus bars the Plaintiffs' motion.

Moreover, "[t]he movant must not only demonstrate the palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." LR 7.1(h)(3). The requirement of a "palpable defect" limits the Court to revisiting only those errors that are "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). As discussed below, there was no defect in the Court's decision, let alone a "palpable defect."

## II. This Court's determination that Plaintiffs failed to fulfill a critical pleading requirement under the amended PPPA is correct.

Plaintiffs mistakenly contend that this case is about accrual. (Dkt. 27 at 6-7.) It is not. The PPPA became effective on July 31, 2016. As of that date, effective immediately, "a civil action for a violation of those prohibitions may only be brought by a customer who has suffered actual damages as a result of the violation." Plaintiffs chose to file their Complaint after the amended PPPA became

3

effective and did not plead actual damages. (Compl., Dkt. 1.) Accordingly this Court dismissed their PPPA claim. Plaintiffs do not contend their Complaint pled actual damages, only that the outdated version of the PPPA should apply.[3]

The revised PPPA is an amendatory act. As the Michigan Supreme Court has stated, "where a section of a statute is amended, the original ceases to exist and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendment had always been there. . . ." *Ballog v. Knight Newspapers, Inc.*, 164 N.W.2d 19, 24 (Sup. Ct. 1969); *see also Detroit Club v. State*, 16 N.W.2d 136, 136 (Sup. Ct. 1944) ("It is plain from the authorities in this State and else that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place.") (internal quotation marks omitted). As the Court correctly noted, the operative law for this Complaint, filed after the amended act became effective, is the amended PPPA. This Court's decision gives full weight and effect to the legislature's unequivocal direction to "clarify" that "a civil action for a violation of those prohibitions may

---

[3] To support their argument that accrual of a cause of action determines which version of a statute applies, Plaintiffs cite *Hill v. Gen. Motors Acceptance Corp.*, 525 N.W.2d 905, 910 (1994), *Devlin v. Morse*, 235 N.W. 812, 813 (Mich. 1931) and *Schultz v. Charter Twp. of Meridian*, 2004 WL 787163, at *3 (Mich. Ct. App. Apr. 13, 2004) (Dkt. 27 at 6-7.). None of these cases involves the situation present here, where a pre-existing statute (the PPPA) is amended to add a procedural (*i.e.* pleading) requirement. The accrual rule makes more sense where a new law comes into place usurping the common law (e.g. *Devlin*) or creating a complete category of immunity (e.g., *Schultz. Hill*).

4

only be brought by a customer who has suffered actual damages as a result of the violation." (Dkt. 23 at 10, Enacting § 2 of Act 92 of 2016). This Court's decision gives actual meaning to those words that would be lost if the act were not held to apply to actions filed after the amendment took effect.

Plaintiffs cite to other PPPA cases on retroactivity, but those cases are not applicable for two reasons. First, this Court's decision was based on pleading requirements, not retroactivity. (*See* Dkt. 23 at 9 ("This Court does not need to reach a conclusion on whether the amended PPPA should be applied retroactively in this matter.") Second, unlike this case, none of the other PPPA cases Plaintiffs cite were filed after the amended PPPA became effective *See Coulter-Owens v. Time, Inc.*, (filed October 3, 2012); *Perlin v. Time, Inc.*, 237 F. Supp. 3d 623 (E.D. Mi. 2017) (filed February 9, 2016); *Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016) (filed November 24, 2015). Plaintiffs point to no PPPA case filed after the effective date that supports their position.

## CONCLUSION

This Court's decision on the Motion to Dismiss is correct. Defendants therefore respectfully request that this Court deny Plaintiffs' Motion for Partial Reconsideration.

Dated: August 29, 2017        /s/ Jake Sommer
                              Jake Sommer
                              Nury A. Siekkinen
                              ZwillGen PLLC

1900 M St. NW, Ste. 250
Washington, DC 20036
(202) 706-5203

Lara Phillip
Honigman Miller Schwartz
and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7400


*Counsel for Defendant Meredith Corporation*

/s/ Brendan J. Healey
Steven L. Baron
Brendan J. Healey
MANDELL MENKES LLC
One North Franklin, Ste. 3600
Chicago, IL  60606
(312) 251-1000
sbaron@mandellmenkes.com
bhealey@mandellmenkes.com

Andrew Harris
KITCH DRUTCHAS WAGNER VALITUTTI &
SHERBROOK
One Woodward Avenue, Suite 2400
Detroit, Michigan  48226-5485
(313) 965-7991
andrew.harris@kitch.com

*Counsel for Defendant Martha Stewart Living
Omnimedia, Inc.*

6

## CERTIFICATE OF SERVICE

I certify that on August 29, 2017, I electronically filed the foregoing Defendants' Joint Response to Plaintiffs' Motion for Partial Reconsideration with the Clerk of the Court via the ECF system, which will send a notification of such filing to all counsel of record.

/s/ Andrew M. Harris
Andrew M. Harris