UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE RADEN and BOBBIE
MOORE, individually and on behalf
of all others similarly situated,

        Plaintiffs,

v.

Case No. 16-12808
Honorable Linda V. Parker

MARTHA STEWART LIVING
OMNIMEDIA, INC., a Delaware
Corporation, and MEREDITH
CORPORATION, an Iowa Corporation,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION [ECF No. 27]

This lawsuit arises from Plaintiffs Alice Raden and Bobbie Moore (collectively "Plaintiffs") class action complaint alleging that Defendants Martha Stewart Living Omnimedia, Inc. ("Martha Stewart Living Omnimedia") and Meredith Corporation ("Meredith") (collectively "Defendants") violated Michigan's Personal Privacy Protection Act, M.C.L. § 445.1712[1] ("PPPA") and were unjustly enriched by disclosing sensitive and statutorily protected information to third parties. In an Opinion and Order entered on July 20, 2017, this Court

---

[1] The statute is also referred to as the Michigan Video Rental Privacy Act.

granted, in part, Defendants' motion to dismiss. (ECF No. 23.) In that decision, the Court found that Plaintiffs did not allege "actual damages" as required under the amended PPPA and dismissed Count I of the complaint. The Court denied Defendants' motion to dismiss on Plaintiffs' unjust enrichment claim. Presently before the Court is Plaintiffs' Motion for Partial Reconsideration pursuant to Federal Rule of Civil Procedure 54(b)[2] filed on August 7, 2017. (ECF No. 27.) With the Court's permission, Defendant Martha Stewart Living filed a response to the motion on August 29, 2017. (ECF No. 29.)

I. **Applicable Standards**

Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.

---

[2] Federal Rule of Civil Procedure 54(b) provides, in relevant part:
    (b) any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

2

Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "To justify reconsideration under Rule 54(b), plaintiff must show: 1) an intervening change in the controlling law; 2) that new evidence is available; or 3) to correct a clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Govt. v. Hotels.com, L.P*, 590 F.3d 381, 389 (6th Cir. 2009). "This standard vests significant discretion in district courts. Justice does not require that the district court grant reconsideration on an issue that would not alter its prior decision." *Kirk v. Corr. Corp. of Am.*, No. 1:16-00031, 2017 U.S. Dist. LEXIS 116961, at *9 (M.D. Tenn. July 26, 2017) (internal quotations and citations omitted).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99

3

F.R.D. 99, 101 (E.D. Va 1983). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

## II. Analysis

Plaintiffs argue that the Court committed a palpable defect when it based the applicability of the amended PPPA on the date Plaintiffs' Complaint was filed. Plaintiffs maintain that the Court erred in failing to recognize that the applicability of a statute depends on when the cause of action accrues not when the complaint was filed.

As the Court set out in its July 20, 2017 Order and Opinion, "[t]he reading of the statute makes clear the statute went into effect on July 31, 2016," the same date Plaintiffs' filed their Complaint. (ECF No. 23 at Pg ID 297.) Furthermore, the Court noted that the statute explicitly states "[t]his act is ordered to take immediate effect." (*Id*. at Pg ID 298.)

Unlike the cases Plaintiffs cite, Plaintiffs' Complaint was filed on the same date the amendment took "immediate" effect. The conclusion other courts have reached concerning the applicability of the amended PPPA is not contrary to this Court's decision because the complaints in those cases were pending prior to the amendment taking effect. Here, as supported by a clear reading of the statute, the intent was for the amendment to take immediate effect, which happened to be on

4

the same date Plaintiffs filed their Complaint. Because Plaintiffs failed to allege "actual damages" as required under the amended PPPA, the Court dismissed Plaintiffs' PPPA claims.

In short, Plaintiffs fail to demonstrate a palpable defect in this Court's July 20, 2017 decision, much less a defect the correction of which results in a different disposition of Plaintiffs' claims. Likewise, Plaintiffs failed to show any intervening change in the controlling law, the availability of new evidence, or a clear error or manifest injustice.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for partial reconsideration (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 18, 2018    s/Linda V. Parker
U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2018, by electronic and/or ordinary mail.

s/Julie Owens acting in the Absence of Richard Loury
Case Manager