# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware corporation, and MEREDITH CORPORATION, an Iowa corporation,<br><br>Defendants. | Case No. 16-cv-12808<br><br>Hon. Linda V. Parker |

### ORDER (1) GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT (ECF NO. 46), (2) CERTIFYING SETTLEMENT CLASSES, (3) APPOINTING CLASS REPRESENTATIVES, (4) APPOINTING CLASS COUNSEL, AND (5) APPROVING NOTICE PLAN

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The parties have moved the Court for an order preliminarily

approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The motion also moves the Court to certify two classes, for the purpose of effectuating the Settlement. The Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 20 of this Order, certifies the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class (the "Settlement Classes") defined below, appoints Class Counsel and the Class Representatives, and approves the Notice Plan.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all parties to the Action.

**Certification of the Settlement Classes**

4. For purposes of settlement only, the Court certifies the following Settlement Classes as defined in the Settlement Agreement:

> **Direct Purchaser Settlement Class:** All persons with Michigan Street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith.
>
> **Indirect Purchaser Settlement Class:** All persons with

>Michigan Street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third party.

5. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Classes satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Classes are so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Classes (*e,g.,* whether Defendants obtained consent before disclosing to third parties Plaintiffs' and the Settlement Classes' Michigan Subscriber Information and whether Defendants' disclosure of Plaintiffs' and the Settlement Classes' Michigan Subscriber Information violated the Michigan Preservation of Personal Privacy Act, M.C.L. §§ 445.1712–15 ("PPPA")); the claims of Class Representative Raden are typical of the claims of the members of the Direct Purchaser Settlement Class and the claims of Class Representative Moore are typical of the claims of the members of the Indirect Purchaser Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Classes; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and

efficiently adjudicating the Action.

**Preliminary Approval of the Settlement**

6. For purposes of settlement only: (a) Ari J. Scharg, Eve-Lynn Rapp, and Schuyler R. Ufkes of Edelson PC are appointed Class Counsel for the Settlement Classes; (b) Alice Raden is named Class Representative of the Direct Purchaser Settlement Class; and (c) Bobbie Moore is named Class Representative of the Indirect Purchaser Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Raden and Moore will adequately protect the interests of each of the respective Settlement Classes defined above.

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and in the best interests of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Classes without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final

Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

8. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Classes would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Classes for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

9. The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan and all forms of Notice to the Settlement Classes as set forth in the Settlement Agreement and Exhibits B, C, D, E, and F thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the

Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Classes of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Classes. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. The Court approves the request for the appointment of Heffler Claims Group, LLC as Settlement Administrator under the Settlement Agreement.

11. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via email and U.S. Mail in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of Claim Forms online.

**Exclusion**

12. Direct Purchaser Settlement Class Members who wish to receive a *pro*

*rata* portion of the Settlement Fund under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the date of the entry of the Final Judgment.

  13. Members of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class who wish to exclude themselves from the Settlement Classes may do so if, within 66 days after entry of this Order, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

  14. Any members of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the class member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Direct Purchaser Settlement Class

and/or the Indirect Purchaser Settlement Class for the purposes of this Settlement. So-called "mass" or "class" opt-outs shall not be allowed.

15.     Members of the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment.

**Objections**

16.     Any members of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive awards to the Class Representatives as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the settlement website. Direct Purchaser Settlement Class Members and Indirect

Purchaser Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

17. To object, Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members must sign and file a written objection within 66 days after entry of this Order. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or she claims to be a Direct Purchaser Settlement Class Member and/or Indirect Purchaser Settlement Class Member; a signature; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Eastern District of Michigan Local Rules).

18. Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements of paragraph 17 and the Settlement Agreement

shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 20, below.

19.     To be valid, objections must be filed with the Court and sent to Class Counsel: Ari Scharg of Edelson PC, 350 North LaSalle, Suite 1400, Chicago, IL 60654, and to Defendants' Counsel: Jacob A. Sommer of ZwillGen PLLC, 1900 M St. NW, Suite 250, Washington, DC 20036 and Brendan J. Healey of Mandell Menkes LLC, One North Franklin, Suite 3600, Chicago, IL 60606. In addition, any objections made by a Direct Purchaser Settlement Class Member or Indirect Purchaser Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

**Final Approval Hearing**

20.     The Final Approval Hearing shall be held before this Court on a date to be determined but at least 90 days after entry of this Order—to ensure compliance with CAFA, 28 U.S.C. § 1715(d)—in Room 204 at the Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of

attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Final Approval Hearing will be held on July 31, 2019, at 11:00 AM. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Classes.

21. Class Counsel shall file papers in support of their Fee Award and the Class Representatives' incentive awards (collectively, the "Fee Petition") with the Court at least 14 days before the Objection/Exclusion Deadline. Defendants may, but are not required to, file a response to Class Counsel's Fee Petition with the Court at least 21 days before the Final Approval Hearing. Class Counsel may file a reply in support of their Fee Petition with the Court at least 14 days before the Final Approval Hearing.

22. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court at least 14 days before the Final Approval Hearing.

**Further Matters**

23. The Court hereby authorizes the parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material

respects with the terms of the Final Judgment and do not limit or impair the rights of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class.

24. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25. Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

26. If the Settlement Agreement is not finally approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

27. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and

shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 12, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 12, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager