# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of all others similarly situated, | Case No.: 4:16-cv-12808 |
| Plaintiffs, | Hon. Linda V. Parker |
| v. | |
| MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware corporation, and MEREDITH CORPORATION, an Iowa corporation. | |
| Defendants. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Alice Raden and Bobbie Moore ("Plaintiffs Raden and Moore"); (ii) the Direct Purchaser Settlement Class; (iii) the Indirect Purchaser Settlement Class; and (iv) Defendants Martha Stewart Living Omnimedia, Inc. ("Martha Stewart") and Meredith Corporation ("Meredith") (collectively, "Defendants"). Plaintiffs Raden and Moore, the Direct Purchaser Settlement Class, and the Indirect Purchaser Settlement Class are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendants are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      This putative class action was filed on July 31, 2016, in the United States District Court for the Eastern District of Michigan by Plaintiffs Raden and Moore. (Dkt. 1.) Plaintiffs

Raden and Moore allege that Defendants disclosed their Michigan customers' personally identifiable Michigan Subscriber Information to numerous third parties, including data mining companies, without their permission or consent. (*Id.*) Plaintiffs Raden and Moore further allege that this practice violates the Michigan Preservation of Personal Privacy Act, M.C.L. §§ 445.1711-15 ("PPPA") and that Defendants were unjustly enriched by profiting and receiving benefits from such disclosures. (*Id.*)

**B.** On September 29, 2016, Defendants jointly moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. (Dkt. 11.) Plaintiffs Raden and Moore filed an opposition brief on October 17, 2016 (Dkt. 12), and Defendants filed their joint reply brief on October 31, 2016. (Dkt. 14.)

**C.** On July 20, 2017, the Court dismissed Plaintiffs Raden and Moore's PPPA claims, reasoning that because they filed their complaint after the PPPA was amended to require "actual damages", they failed to state a claim under the statue, but allowed their claims for unjust enrichment to move forward. (Dkt. 23.)

**D.** Thereafter, Defendants separately answered the complaint on August 3, 2017, each denying the allegations and raising numerous affirmative defenses. (Dkts. 25, 26.)

**E.** On August 7, 2017, Plaintiffs Raden and Moore moved the Court to reconsider its Order dismissing their PPPA claims. (Dkt. 27.) Plaintiffs Raden and Moore argued that their claims are not subject to the amended PPPA, and thus should not have been dismissed for failure to allege "actual damages", because their claims accrued before the statute was amended, and the accrual date—not the date the complaint was filed—controls. (*Id.*) Defendants filed a response to the motion on August 29, 2017. (Dkt. 29.)

**F.** On January 18, 2018, the Court denied Plaintiffs Raden and Moore's motion for

partial reconsideration. (Dkt. 30.)

**G.**     The Parties then exchanged initial disclosures on February 8, 2018 and, soon after, began engaging in settlement discussions and exchanging informal discovery related to, *inter alia*, the size and composition of the putative class.

**H.**     While still discussing the possibility of early resolution, the Parties filed a joint discovery plan on June 25, 2018, and the Court entered a Scheduling Order three days later on June 28, 2018. (Dkts. 40, 41.)

**I.**     On July 13, 2018, after multiple rounds of arm's-length negotiations between counsel over the course of several months, the Parties reached an agreement on the principal terms of this Settlement Agreement.

**J.**     At all times, Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendants, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

**K.**     Plaintiffs Raden and Moore believe that the claims asserted in the Action against Defendants have merit and that they would have succeeded in reviving their PPPA claims on

appeal and in certifying a class and prevailed at summary judgment and/or trial. Nonetheless, Plaintiffs Raden and Moore and Class Counsel recognize that Defendants have raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiffs Raden and Moore and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendants through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs Raden and Moore and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs Raden and Moore believe it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Plaintiffs, and that it is in the best interests of the Plaintiffs to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs and Defendants, by and through their undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## **AGREEMENT**

1.      **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified

below:

1.1    **"Action"** means *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, Case No. 4:16-cv-12808-LVP-APP, pending in the United States District Court for the Eastern District of Michigan.

1.2    **"Approved Claim"** means a Claim Form submitted by a Direct Purchaser Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Direct Purchaser Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Direct Purchaser Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

1.3    **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Direct Purchaser Settlement Class Members who wish to file a claim for a payment, shall be available in electronic and paper format in the manner described below.

1.4    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.5    **"Class Counsel"** means Eve-Lynn J. Rapp, Ari J. Scharg, and Schuyler R. Ufkes of Edelson PC.

1.6    **"Class Representatives"** means the named Plaintiffs in this Action, Alice Raden, as representative of the Direct Purchaser Settlement Class, and Bobbie Moore, as representative

of the Indirect Purchaser Settlement Class.

1.7     **"Court"** means the United States District Court for the Eastern District of Michigan, the Honorable Linda V. Parker presiding, or any judge who shall succeed her as the Judge in this Action.

1.8     **"Defendants"** means Martha Stewart Living Omnimedia, Inc. and Meredith Corporation, the defendants in the Action.

1.9     **"Defendants' Counsel"** means Brendan J. Healey and Steven L. Baron of Mandell Menkes LLC, counsel for Martha Stewart Living Omnimedia, Inc., and Jacob Sommer of ZwillGen PLLC, counsel for Meredith Corporation.

1.10    **"Direct Purchaser Settlement Class"** means all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith. Excluded from the Direct Purchaser Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendants,  Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

1.11    **"Direct Purchaser Settlement Class Member"** means a Person who falls within the definition of the Direct Purchaser Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.12    **"Effective Date"** means the date ten (10) days after which all of the events and

6

conditions specified in Paragraph 9.1 have been met and have occurred.

 **1.13** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendants into the Escrow Account and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

 **1.14** "**Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

 **1.15** **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

 **1.16** **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement,

the Fee Award, and the incentive awards to the Class Representatives.

 **1.17**   **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

 **1.18**   **"Indirect Purchaser Settlement Class"** means all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third-party. Excluded from the Indirect Purchaser Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendants,  Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

 **1.19**   **"Indirect Purchaser Settlement Class Member"** means a Person who falls within the definition of the Indirect Purchaser Settlement Class as set forth above and who has not submitted a valid request for exclusion.

 **1.20**   **"Michigan Subscriber Information"** means the combination of a Person's name and the title and/or interest information derived solely from such Person's *Martha Stewart Living* or *Martha Stewart Weddings* magazine subscription, where the Person's street address is in the state of Michigan.

 **1.21**   **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to members of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class substantially in the manner set forth in this

Agreement, is consistent with the requirements of Due Process and Rule 23, and is substantially in the form of Exhibits B, C, D, E and F hereto.

**1.22** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-one (21) days after Preliminary Approval.

**1.23** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.24** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.25** **"Plaintiffs"** means Alice Raden, Bobbie Moore, the Direct Purchaser Settlement Class, and the Indirect Purchaser Settlement Class.

**1.26** **"Preliminary Approval"** means the Court's certification of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.27   **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class for settlement purposes, and directing notice thereof to the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs Raden and Moore's motion for preliminary approval of the Agreement.

1.28   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the PPPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Direct Purchaser Settlement Class Members' and Indirect Purchaser Settlement Class Members' magazine subscription information, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

1.29   **"Released Parties"** means Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation, as well as any and all of their respective present or past heirs,

executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations. Released Parties does not mean or include any third party through which members of the Indirect Purchaser Class purchased their *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine subscriptions.

1.30   **"Releasing Parties"** means Plaintiffs Raden and Moore, those Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members who do not timely opt out of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.31   **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class, mailing checks for Approved Claims, and related services.

1.32   **"Settlement Administrator"** means Heffler Claims Group LLC, or such other reputable administration company that has been selected by the Parties and approved by the

Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Direct Purchaser Settlement Class Members as set forth in this Agreement.

1.33    **"Settlement Fund"** means the non-reversionary cash fund that shall be established by Defendants in the amount of Nine Hundred Sixty-Five Thousand Dollars ($965,000.00) to be deposited into the Escrow Account, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Direct Purchaser Settlement Class Members, Settlement Administration Expenses, any incentive awards to the Class Representatives, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund and the interest earned on such sum, represents the total extent of Defendants' monetary obligations under this Agreement.

1.34    **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2.   SETTLEMENT RELIEF.

### 2.1   Payments to the Direct Purchaser Settlement Class Members.

(a)   Defendants shall pay or cause to be paid into the Escrow Account the

amount of the Settlement Fund ($965,000.00) within fourteen (14) business days after

Preliminary Approval.

(b)   Direct Purchaser Settlement Class Members shall have until the Claims

Deadline to submit an Approved Claim. Each Direct Purchaser Settlement Class Member with an

Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by check after

deducting the Settlement Administration Expenses, any Fee Award, and any incentive awards for

the Class Representatives.

(c)   Within sixty (60) days after the Effective Date, or such other date as the

Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved

Claims by check.

(d)     All cash payments issued to Direct Purchaser Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Direct Purchaser Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund.

**2.2     Prospective Relief**.

(a)     For a period of three (3) years following Preliminary Approval, except as provided in paragraphs 2.2(b)-(c) below, Defendants agree not to knowingly disclose any Michigan Subscriber Information, including Michigan Subscriber Information received from any third party, to any third-party Persons without the prior express written consent of the affected subscribers.

(b)     Nothing in this Settlement Agreement shall prevent Defendants from disclosing Michigan Subscriber Information to third parties as may be reasonably required to produce, deliver, bill, collect payment for, renew, and otherwise manage, market, and fulfill orders for *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine and other products and services offered by Martha Stewart or Meredith.

(c)     Nothing in this Settlement Agreement shall prohibit the transfer by Defendants of Michigan Subscriber Information to each other or to a third party in connection with a sale, merger, licensing agreement (or termination of a licensing agreement) or other transaction that transfers control over all or substantially all of the assets of *Martha Stewart Living* magazine and/or *Martha Stewart Weddings* magazine or operating division that collects or processes Michigan Subscriber Information to such third party, or to any third party with which

14

Martha Stewart or Meredith publishes and/or operates *Martha Stewart Living* magazine and/or *Martha Stewart Weddings* magazine, provided that such third party agrees to treat any Michigan Subscriber Information it acquires in accordance with Defendants' obligations under Section 2.2 of this Agreement.

   **(d)**  Defendants shall perform annual audits of their procedures to ensure that they are complying with their obligations under Section 2.2 of this Agreement and shall correct any deficiencies that are identified in these audits.

**3.**  **RELEASE.**

  **3.1**  The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

  **3.2**  Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.**  **NOTICE TO THE CLASS.**

  **4.1**  The Notice Plan shall consist of the following:

   **(a)**  *Class List.* No later than fourteen (14) business days after the execution of this Agreement, Meredith shall produce an electronic list from its records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to Persons within the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class. This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel. Providing the Class List shall be Defendants' sole obligation with respect to the Notice Plan.

   **(b)**  *Direct Notice via Email.* No later than fourteen (14) days from

Preliminary Approval, the Settlement Administrator shall send Notice via email to all members of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class for whom a valid email address is identified in Defendants' records. The Notice to members of the Direct Purchaser Settlement Class shall appear substantially in the form attached as Exhibit B, and shall contain an electronic link to the Claim Form, and the Notice to members of the Indirect Purchaser Settlement Class shall appear substantially in the form attached as Exhibit C. In the event transmission of the email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

   **(c)** *Direct Notice via U.S. Mail.* No later than twenty-one (21) days from Preliminary Approval, the Settlement Administrator shall send Notice via First Class U.S. Mail to all members of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class who did not receive an email pursuant to Paragraph 4.1(b), above. The Notice to members of the Direct Purchaser Settlement Class shall appear substantially in the form attached as Exhibit D, and shall contain a postcard Claim Form with return postage prepaid, and the Notice to members of the Indirect Purchaser Settlement Class shall appear substantially in the form attached as Exhibit E.

   **(d)** *Settlement Website.* Within ten (10) days from Preliminary Approval, Notice shall be provided on a website at www.MSLmagazinesettlement.com, which shall be administered and maintained by the Settlement Administrator and shall allow Direct Purchaser Settlement Class Members to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect. The Notice provided on the settlement website shall be substantially in the form of

Exhibit F hereto.

      **(e)**     *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which members of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

    **4.2**     The Notice shall advise members of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.  The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a member of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendants' Counsel.

    **4.3**    **Right to Object or Comment.** Any Direct Purchaser Settlement Class Member or Indirect Purchaser Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector and must indicate whether the Person is a Direct Purchaser Settlement Class Member, an Indirect

Purchaser Settlement Class Member, or both. The objection must also include: (i) the objector's name and address; (ii) an explanation of the basis upon which the objector claims to be a Direct Purchaser Settlement Class Member and/or an Indirect Purchaser Settlement Class Member; (iii) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (iv) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (v) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

      **4.4**    **Right to Request Exclusion.** A member of the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class may request to be excluded from the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class by sending a written request for exclusion postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a member of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing (i) his/her name and address, (ii) a signature, (iii) the name and number of the case, and (iv) a statement that he or she wishes to be excluded from the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Direct Purchaser Settlement Class and/or Indirect Purchaser

Settlement Class and shall be bound as a Direct Purchaser Settlement Class Member and/or Indirect Purchaser Settlement Class Member by this Settlement Agreement, if approved. Any member of the Direct Purchaser Settlement Class or Indirect Purchaser Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the Objection/Exclusion Deadline specified in the Notice.

     **4.5**     The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(e) is provided.

     **4.6**     Any member of the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class, and any Direct Purchaser Settlement Class Member who does not timely file a valid Claim Form, shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.     SETTLEMENT ADMINISTRATION.

     **5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational,

responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Direct Purchaser Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendants' Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class and other requests and promptly provide to Class Counsel and Defendants' Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel;

(c)     Provide weekly reports to Class Counsel and Defendants' Counsel,

including without limitation, reports regarding the number of Claim Forms received, the number

approved by the Settlement Administrator, and the categorization and description of Claim

Forms rejected, in whole or in part, by the Settlement Administrator; and

      **(d)**     Make available for inspection by Class Counsel or Defendants' Counsel

the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

      **5.2**     The Settlement Administrator shall be obliged to employ reasonable procedures to

screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or

fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a

Direct Purchaser Settlement Class Member is an Approved Claim and shall reject Claim Forms

that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or

(b) provide full and complete information as requested on the Claim Form. In the event a Direct

Purchaser Settlement Class Member submits a timely Claim Form by the Claims Deadline where

the Direct Purchaser Settlement Class Member appears on the Class List but the Claim Form is

not otherwise complete, then the Settlement Administrator shall give such Person one (1)

reasonable opportunity to provide any requested missing information, which information must be

received by the Settlement Administrator no later than thirty (30) calendar days after the Claims

Deadline. In the event the Settlement Administrator receives such information more than thirty

(30) days after the Claims Deadline, then any such claim shall be denied. The Settlement

Administrator may contact any Person who has submitted a Claim Form to obtain additional

information necessary to verify the Claim Form.

      **5.3**     Defendants' Counsel and Class Counsel shall have the right to challenge the

acceptance or rejection of a Claim Form submitted by Direct Purchaser Settlement Class

Members. The Settlement Administrator shall follow any agreed decisions of Class Counsel and

Defendants' Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendants' Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Honorable Wayne R. Andersen (ret.) of JAMS for binding determination, and if Judge Andersen is unavailable, then to such other mediator at JAMS as agreed to by Class Counsel and Defendants' Counsel.

5.4    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any member of the Direct Purchaser Settlement Class or Indirect Purchaser Settlement Class.

## 6.    TERMINATION OF SETTLEMENT.

6.1    Subject to Paragraphs 9.1–9.3 below, Defendants or the Class Representatives on behalf of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2    If, prior to the Final Approval Hearing, Persons who otherwise would be members of the Direct Purchaser Settlement Class or the Indirect Purchaser Settlement Class have timely requested exclusion from either settlement class in accordance with the provisions of the

Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate constitute more than five percent (5%) of either the Direct Purchaser Settlement Class or the Indirect Purchaser Settlement Class, either of the Defendants shall have, in their sole and absolute discretion, the option to terminate this settlement in accordance with the procedures set forth in paragraph 6.1.

7. **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

7.1     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Direct Purchaser Settlement Class and the Indirect Purchaser Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representatives; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Forms for dissemination substantially in the form of Exhibits A, B, C, D, E, and F hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class.

7.2     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.3     After Notice is given, the Parties shall request and seek to obtain from the Court a

Final Judgment, which will (among other things):

      **(a)**     find that the Court has personal jurisdiction over all Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

      **(b)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

      **(c)**     find that the Notice implemented pursuant to the Agreement (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

      **(d)**     find that the Class Representatives and Class Counsel adequately represent the Direct Purchaser Settlement Class and the Indirect Purchaser Settlement Class for purposes of entering into and implementing the Agreement;

      **(e)**     dismiss the Action (including all individual and class claims presented

thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members who have not been properly excluded from the Direct Purchaser Settlement Class and/or Indirect Purchaser Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(i)     incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARDS.

8.1     Defendants agree that Class Counsel is entitled to be paid from the Settlement Fund reasonable attorneys' fees and reimbursement of their expenses, in an amount approved by the Court, and said amount shall serve as the Fee Award. The Fee Award shall be determined by the Court on the petition of Class Counsel. Without the Parties having discussed the issue of attorneys' fees at any point in their negotiations, and with no consideration given or received, Class Counsel agrees to limit its petition for attorneys' fees and reimbursement of expenses to no more than thirty-five percent (35%) of the Settlement Fund or Three Hundred Thirty-Seven Thousand, Seven Hundred Fifty US Dollars ($337,750.00). Payment of the Fee Award shall be

made from the Settlement Fund and should Class Counsel seek or be awarded less than this amount, the difference in the amount sought and/or the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to the claiming Direct Purchaser Settlement Class Members.

      **8.2**    The Fee Award shall be payable within five (5) business days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking"), attached hereto as Exhibit G, and providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be made by wire transfer to Edelson PC in accordance with wire instructions to be provided to the Settlement Administrator by Edelson PC, after completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s), then any Person who has received such funds shall be liable for payments made pursuant to this subparagraph, and shall return such funds to the Settlement Fund. Additionally, should any party to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Direct Purchaser Settlement Class Members, that party shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

      **8.3**    In recognition of their efforts on behalf of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class and in addition to any settlement payment pursuant to this Agreement, Defendants agree that the Class Representatives are entitled to be paid from the Settlement Fund incentive awards, in an amount approved by the Court on the petition of Class Counsel. With no consideration having been given or received, Plaintiffs Raden and Moore agree to seek incentive awards of no more than Five Thousand US Dollars ($5,000) each from the

Court. Should the Court award less than this amount, the difference in the amount sought and the

amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Such

incentive awards shall be paid from the Settlement Fund (in the form of a check to each Class

Representative that are sent care of Class Counsel), within five (5) business days after entry of

the Court's Final Judgment if there have been no objections to the Settlement Agreement, and, if

there have been such objections, within five (5) business days after the Effective Date.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

    **9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until

each of the following events occurs and shall be the date upon which the last (in time) of the

following events occurs:

      **(a)**    The Parties and their counsel have executed this Agreement;

      **(b)**    The Court has entered the Preliminary Approval Order;

      **(c)**    The Court has entered an order finally approving the Agreement,

following Notice to the Direct Purchaser Settlement Class and Indirect Purchaser Settlement

Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has

entered the Final Judgment, or a judgment consistent with this Agreement in all material

respects; and

      **(d)**    The Final Judgment has become Final, as defined above, or, in the event

that the Court enters an order and final judgment in a form other than that provided above

("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment

becomes Final.

    **9.2**    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the

event that this Agreement is not approved by the Court, or the settlement set forth in this

Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the following shall not prevent the Agreement from becoming effective, nor shall they be grounds for termination: (1) the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive awards set forth in Paragraph 8; or (2) the Court's determination that it lacks jurisdiction such that the Parties' Agreement will be renewed in an appropriate forum.

**9.3**    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1–9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

**10.    MISCELLANEOUS PROVISIONS.**

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through

any and all appeals. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Plaintiffs, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs Raden and Moore or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

10.3    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.4    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement, including but not limited to any communications between or among the Parties or their representatives regarding the settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs Raden and Moore, the

deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

      **(b)**    is, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

      **(c)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      **(d)**    is, may be deemed, or shall be construed against Plaintiffs, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial;

and

      **(e)**    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

      **10.6**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

      **10.7**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

      **10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

      **10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

      **10.10**    Plaintiffs Raden and Moore represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and

that they are fully entitled to release the same.

**10.11**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.12**   This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

**10.16**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Ari J. Scharg, EDELSON PC, 350 North LaSalle Street, Suite 1400, Chicago, Illinois 60654; Brendan J. Healey, MANDELL MENKES LLC, One North Franklin, Suite 3600, Chicago, IL 60606; Jacob A. Sommer, ZWILLGEN, PLLC, 1900 M St. NW, Suite 250, Washington, DC 20036.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGES FOLLOW.]

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: _11/14/2018_, 2018

**ALICE RADEN**

By: _Alice Raden_

Alice Raden, individually and as representative of
the Direct Purchaser Settlement Class

Dated: _____, 2018

**BOBBIE MOORE**

By:_____

Bobbie Moore, individually and as representative of
the Indirect Purchaser Settlement Class

Dated: _____, 2018

**MARTHA STEWART LIVING OMNIMEDIA, INC.**

By:_____

Its: _____

Dated: _November 19_, 2018

**MEREDITH CORPORATION**

By: _____

Its: _General Counsel - Corporate Group_

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _November 14_, 2018

**EDELSON PC**

By: _Ari Scharg_

Ari J. Scharg
Eve-Lynn J. Rapp
Schuyler R. Ufkes
*Attorneys for Plaintiffs*

Dated: _____, 2018

**MANDELL MENKES LLC**

By:_____
*Attorney for Defendant Martha Stewart Living
Omnimedia, Inc.*

Dated: _____, 2018

**ZWILLGEN, PLLC**

By:_____
*Attorney for Defendant Meredith Corporation*

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____, 2018

**ALICE RADEN**

By: _____
Alice Raden, individually and as representative of
the Direct Purchaser Settlement Class

Dated: 11/08/2018, 2018

**BOBBIE MOORE**

By: _____
Bobbie Moore, individually and as representative of
the Indirect Purchaser Settlement Class

Dated: _____, 2018

**MARTHA STEWART LIVING OMNIMEDIA, INC.**

By: _____

Its: _____

Dated: _____, 2018

**MEREDITH CORPORATION**

By: _____

Its: _____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____, 2018

**EDELSON PC**

By: _____
Ari J. Scharg
Eve-Lynn J. Rapp
Schuyler R. Ufkes
*Attorneys for Plaintiffs*

Dated: _____, 2018

**MANDELL MENKES LLC**

By: _____
*Attorney for Defendant Martha Stewart Living
Omnimedia, Inc.*

Dated: _____, 2018

**ZWILLGEN, PLLC**

By: _____
*Attorney for Defendant Meredith Corporation*

34

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: _____, 2018        ALICE RADEN

                                By:_____
                                Alice Raden, individually and as representative of
                                the Direct Purchaser Settlement Class

Dated: _____, 2018        BOBBIE MOORE

                                By:_____
                                Bobbie Moore, individually and as representative of
                                the Indirect Purchaser Settlement Class

Dated: NOV. 8, 2018             MARTHA STEWART LIVING OMNIMEDIA, INC.

                                By:_____

                                Its:_____

Dated: _____, 2018        MEREDITH CORPORATION

                                By:_____

                                Its:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____, 2018        EDELSON PC

                                By:_____
                                Ari J. Scharg
                                Eve-Lynn J. Rapp
                                Schuyler R. Ufkes
                                *Attorneys for Plaintiffs*

Dated: November 5, 2018         MANDELL MENKES LLC

                                By:_____
                                *Attorney for Defendant Martha Stewart Living
                                Omnimedia, Inc.*

Dated: _____, 2018        ZWILLGEN, PLLC

                                By:_____
                                *Attorney for Defendant Meredith Corporation*

34

# Exhibit A

**MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ____ ____ ____) ____ ____ ____ – ____ ____ ____ ____ (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Direct Purchaser Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I had a Michigan street address and was a subscriber to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and purchased my subscription directly from Martha Stewart Living Omnimedia, Inc. or Meredith Corporation.

☐ Under penalty of perjury, all information provided in this claim form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ____ ____/ ____ ____/ ____ ____

Print Name: _____

The Settlement Administrator will review your claim form; if accepted you will be mailed a check for a *pro rata* share of the Settlement Fund. The amount paid will depend on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.MSLmagazinesettlement.com or call [toll free number]**

# Exhibit B

From:   MagazineSettlement@MSLmagazinesettlement.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP
**(United States District Court for the Eastern District of Michigan)**

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation disclosed their customers' Martha Stewart Living magazine subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

### Am I a Class Member?

Our records indicate you may be a member of the "Direct Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and purchased their subscriptions directly from Martha Stewart or Meredith.

### What Can I Get?

If approved by the Court, Defendants will establish a Settlement Fund of $965,000.00 to pay all valid claims submitted by the Direct Purchaser Settlement Class Members, together with notice and administration expenses, attorneys' fees and costs, and an incentive award for the Class Representatives. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $50–75. The Settlement also requires that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to third parties without prior express written consent. Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement.

### How Do I Get a Payment?

You must submit by mail or online a timely and properly completed Claim Form no later than [claims deadline]. You may submit a Claim Form online at www.MSLmagazinesettlement.com or download a Claim Form from the website and submit it to the Settlement Administrator at the address below by mail. You may also request a paper copy of the Claim Form by writing to the Settlement Administrator at the address below, or by calling toll-free [1-800-000-0000].

### What are My Other Options?

You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement

are available at www.MSLmagazinesettlement.com. If you file a Claim Form or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released.

### Who Represents Me?

The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel." Plaintiff Alice Raden—a class member like you—has been appointed by the Court as the "Class Representative" of the Direct Purchaser Settlement Class. You can hire your own lawyer, but you'll need to pay your own legal fees.

### When Will the Court Consider the Proposed Settlement?

The Court will hold the Final Approval Hearing at _____ .m. on [date] at the Federal Building and U.S Courthouse, Room 108, 600 Church Street, Flint, MI 48502. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each from the Settlement Fund for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 35% of the Settlement Fund; the Court may award less than this amount.

### How Do I Get More Information?

For more information, including the full Notice, Claim Form, and a copy of the Settlement Agreement and other court documents, go to www.MSLmagazinesettlement.com, contact the Settlement Administrator at 1-___-__-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

# Exhibit C

From:   MagazineSettlement@MSLmagazinesettlement.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP
**(United States District Court for the Eastern District of Michigan)**

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation disclosed their customers' *Martha Stewart Living* magazine subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

### Am I a Class Member?

Our records indicate you may be a member of the "Indirect Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third party. The Indirect Purchaser Settlement Class is part of a broader settlement that also includes a "Direct Purchaser Settlement Class" comprised of all persons with Michigan street addresses who purchased a subscription to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine directly from Martha Stewart or Meredith. If you believe you are a member of the Direct Purchaser Settlement Class, please visit www.MSLmagazinesettlement.com.com for additional information regarding your rights under the Settlement.

### What Can I Get?

The Settlement provides that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to any third parties without the prior express written consent of the affected subscribers. Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement.

### What are My Other Options?

You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you will not be eligible for any benefits under the Settlement, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.MSLmagazinesettlement.com. If you do nothing and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released. You may still file suit against the third party you bought the magazine from.

**Who Represents Me?**

The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel." Plaintiff Bobbie Moore—a class member like you—has been appointed by the Court as the "Class Representative" of the Indirect Purchaser Settlement Class. You can hire your own lawyer, but you'll need to pay your own legal fees.

**When Will the Court Consider the Proposed Settlement?**

The Court will hold the Final Approval Hearing at _____ .m. on [date] at the Federal Building and U.S Courthouse, Room 108, 600 Church Street, Flint, MI 48502. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 35% of a settlement fund created for direct purchasers; the Court may award less than this amount.

**How Do I Get More Information?**

For more information, including the full Notice and a copy of the Settlement Agreement and other court documents, go to www.MSLmagazinesettlement.com, contact the Settlement Administrator at 1-___-___-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

# Exhibit D

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

## OUR RECORDS INDICATE YOU HAVE SUBSCRIBED TO MARTHA STEWART LIVING MAGAZINE OR MARTHA STEWART WEDDINGS MAGAZINE AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

## XXX

Magazine Subscriber Privacy Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #___

||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«CO»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

---

### MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY **[CLAIMS DEADLINE]** AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____    _____    _____

Street Address: _____

City: _____    State: ____  ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___ (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Direct Purchaser Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I had a Michigan street address and was a subscriber to *Martha Stewart Living* magazine *or Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and purchased my subscription directly from Martha Stewart Living Omnimedia, Inc. or Meredith Corporation.

☐ Under penalty of perjury, all information provided in this claim form is true and correct to the best of my knowledge and belief.

Signature: _____    Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your claim form; if accepted you will be mailed a check for a *pro rata* share of the Settlement Fund. The amount paid will depend on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.MSLmagazinesettlement.com or call [toll free number]**

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc and Meredith Corporation disclosed their customers' *Martha Stewart Living* magazine subscription information to third parties in violation of Michigan privacy law The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case

**Am I a Class Member?** Our records indicate you may be a member of the "Direct Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith

**What Can I Get?** If approved by the Court, Defendants will establish a Settlement Fund of $965,000 00 to pay all valid claims submitted by the Direct Purchaser Settlement Class Members, together with notice and administration expenses, attorneys' fees and costs, and an incentive award for the Class Representatives If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $50–75 The Settlement also requires that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to third parties without prior express written consent Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form **no later than [claims deadline]** You may use the Claim Form attached to this Notice or submit one online at www MSLmagazinesettlement com

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than **[objection/exclusion deadline]** If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement Your written objection must be filed no later than **[objection/exclusion deadline]** Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www MSLmagazinesettlement com If you file a Claim Form or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released

**Who Represents Me?** The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel" Plaintiff Alice Raden—a class member like you—has been appointed by the Court as the "Class Representative" of the Direct Purchaser Settlement Class You can hire your own lawyer, but you'll need to pay your own legal fees

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [date] at the Federal Building and U S Courthouse, Room 108, 600 Church Street, Flint, MI 48502 At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each from the Settlement Fund for their services in helping to bring and settle this case Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court Class Counsel will seek no more than 35% of the Settlement Fund; the Court may award less than this amount

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and a copy of the Settlement Agreement and other court documents, go to www MSLmagazinesettlement com, contact the Settlement Administrator at 1-___-___ or Magazine Subscriber Privacy Settlement Administrator, **[address]**, or call Class Counsel at 1-866-354-3015

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Magazine Subscriber Privacy Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX



# Exhibit E

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Magazine Subscriber Privacy Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #___

## OUR RECORDS INDICATE YOU HAVE SUBSCRIBED TO MARTHA STEWART LIVING MAGAZINE OR MARTHA STEWART WEDDINGS MAGAZINE AND MAY BE A PART OF A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«CO»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

XXX

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc  and Meredith Corporation disclosed their customers' *Martha Stewart Living* magazine subscription information to third parties in violation of Michigan privacy law  The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case

**Am I a Class Member?** Our records indicate you may be a member of the "Indirect Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or  *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third party  The Indirect Purchaser Settlement Class is part of a broader settlement that also includes a "Direct Purchaser Settlement Class" comprised of all persons with Michigan street addresses who purchased a subscription to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine directly from Martha Stewart  or  Meredith  If  you  believe  you  are  a  member  of  the  Direct  Purchaser  Settlement  Class,  please  visit www.MSLmagazinesettlement com for additional information regarding your rights under the Settlement

**What Can I Get?**  The Settlement provides that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to any third parties without the prior express written consent of the affected subscribers  Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than **[objection/exclusion deadline]**  If you exclude yourself, you will not be eligible for any benefits under the Settlement, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit  You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement  Your written objection must be filed no later than **[objection/exclusion deadline]**  Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www MSLmagazinesettlement com  If you do nothing and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments  In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released  You may still file suit against the third party you bought the magazine from

**Who Represents Me?**  The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel " Plaintiff Bobbie Moore—a class member like you—has been appointed by the Court as the "Class Representative" of the Indirect Purchaser Settlement Class  You can hire your own lawyer, but you'll need to pay your own legal fees

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ **.m. on [date]** at the Federal Building and U S Courthouse, **Room 108**, 600 Church Street, Flint, MI 48502  At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each for their services in helping to bring and settle this case  Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court  Class Counsel will seek no more than 35% of a settlement fund created for direct purchasers; the Court may award less than this amount

**How Do I Get More Information?**  For more information, including the full Notice and a copy of the Settlement Agreement  and other court documents,  go  to  www.MSLmagazinesettlement com,  contact  the  Settlement  Administrator at 1-___-___-____  or Magazine Subscriber Privacy Settlement Administrator, **[address]**, or call Class Counsel at 1-866-354-3015

# Exhibit F

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

*Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP

==IF YOU PURCHASED A SUBSCRIPTION TO MARTHA STEWART LIVING MAGAZINE BETWEEN JULY 31, 2010 AND JULY 31, 2016, YOU MAY BE PART OF A CLASS ACTION SETTLEMENT.==

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against magazine publishers Martha Stewart Living Omnimedia, Inc. ("Martha Stewart") and Meredith Corporation ("Meredith"), who are the Defendants in the case. The class action lawsuit involves whether Martha Stewart and Meredith disclosed their customers' personally identifiable subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law.

- Two groups or "classes" of people are included in the Settlement. The first group is called the "Direct Purchaser Settlement Class" and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith. The second group is called the "Indirect Purchaser Settlement Class" and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third party.

- Each class is entitled to different relief under the Settlement. Both Classes are entitled to injunctive relief, which means that, for a period of three (3) years, the Defendants will not disclose their Michigan customers' personally identifiable magazine subscription information to third parties without the prior express written consent of the affected subscribers. Defendants will also perform annual audits to ensure compliance with the terms of the Settlement. Because the law allows only consumers who subscribed directly from a publisher to recover money, those included in the Direct Purchaser Settlement Class will also be eligible to receive a *pro rata*, or equally split, portion of a $965,000 Settlement Fund. Class Counsel anticipates the payments to be approximately $50–75 per Direct Purchaser Settlement Class Member. The amount ultimately recoverable depends on the number of claims filed, the cost of notice, and the amount awarded for costs, fees, and incentive awards to the Class Representatives, which are all paid out of the Settlement Fund.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| IF YOU ARE A MEMBER OF EITHER SETTLEMENT CLASS, YOU MAY: | |
|---|---|
| **SUBMIT A CLAIM FORM (direct purchasers only)** | This is the only way for direct purchasers to receive a payment. |

| EXCLUDE YOURSELF | You will be ineligible to get any benefits, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| --- | --- |
| OBJECT | Write to the Court explaining why you don't like the Settlement. |
| GO TO THE HEARING | Ask to speak in Court about your opinion of the Settlement. |
| DO NOTHING | You will automatically receive the injunctive benefits of the Settlement, but you won't get a share of the Settlement Fund if you're a direct purchaser and will give up your rights to sue the Defendants about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Linda V. Parker, of the U.S. District Court for the Eastern District of Michigan, is overseeing this case. The case is known as *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP. The persons who sued are called the Plaintiffs. The companies that got sued are called the Defendants, which are Martha Stewart Living Omnimedia, Inc. and Meredith Corporation in this case. Collectively, the Plaintiffs and the Defendants are referred to as the "Parties."

### 2. What is a class action?

A class action is a lawsuit in which one or more plaintiffs—in this case, Alice Raden and Bobbie Moore—sue on behalf of groups of people who have similar claims. Together, these groups—known as the Direct Purchaser Settlement Class and the Indirect Purchaser Settlement Class here—are called the "classes" and collectively consist of "class members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the classes. After the Parties reached an agreement to settle this case (the "Settlement"), the Court granted preliminary approval of the Settlement and recognized it is a case that should be treated as a class action for settlement purposes.

### 3. What is this lawsuit about?

This lawsuit claims that Defendants violated Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1712 ("PPPA") by disclosing information related to their customers' magazine subscriptions to third parties. Under the PPPA, only purchases made "at retail" are a violation and entitle a consumer to relief. The Defendants deny they violated the law, and the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. More

information about the lawsuit and key documents can be found in the "Court Documents" section of the settlement website at www.MSLmagazinesettlement.com

## 4. Why is there a Settlement?

Both Plaintiffs and Defendants agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and class members will get relief now rather than, if at all, years from now. The Plaintiffs (who were appointed by the Court as "Class Representatives") and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the class members.

### WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am a part of this Settlement?

The Court decided that two groups or "classes" of people are part of the Settlement.

The first group is called the **Direct Purchaser Settlement Class** and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith. Most members of the Direct Purchaser Settlement Class purchased their subscriptions by mailing in a postcard to Martha Stewart Living Omnimedia, Inc. or Meredith Corporation. Such postcards typically include discounts off the cover price when buying a subscription. Other members of this class purchased their subscriptions online through www.marthastewart.com/customer-service or www.magazine.store. Based on Defendants' records, there are approximately 55,176 members of the Direct Purchaser Settlement Class.

The second group is called the **Indirect Purchaser Settlement Class** and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine and who purchased their subscriptions from a third party between July 31, 2010 and July 31, 2016. Most members of the Indirect Purchaser Settlement Class purchased their subscriptions online through third-party agents like Magazines.com.

Most people will be members of only one class. But you may be a member of both classes if, for instance, between July 31, 2010 and July 31, 2016, you were a subscriber to *Martha Stewart Living* or *Martha Stewart Weddings* magazine and purchased your subscription through a third-party agent and then renewed directly from Martha Stewart or Meredith.

### THE SETTLEMENT BENEFITS

## 6. What does the Settlement provide?

***Injunctive Relief and Privacy Protections for Both Classes***:
For both the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class, the Settlement provides that, for a period of three (3) years following Preliminary Approval, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to any third parties without the prior express written consent of the affected subscribers. Defendants have also agreed to perform annual audits to ensure they are complying with the terms of the Settlement.

*Monetary Relief for the Direct Purchaser Settlement Class*:

For the Direct Purchaser Settlement Class, Defendants have created a Settlement Fund totaling $965,000.00 from which Direct Purchaser Settlement Class Members may submit Claim Forms for monetary payment, which Class Counsel estimates to be $50–75 per person. The Settlement Fund will also be used to pay the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representatives (*see* Question 14).

Any individual who is a member of both the Direct Purchaser Settlement Class and the Indirect Purchaser Settlement Class may submit a Claim Form to receive payment for a valid direct purchaser claim.

Members of the Indirect Purchaser Settlement Class do not give up, and may file suit seeking money against, the third party that they purchased their *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine subscription from.

A detailed description of the settlement benefits can be found in the Settlement Agreement. [insert hyperlink]

### 7. How much will my payment be?

If you are member of the Direct Purchaser Settlement Class, you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many Direct Purchaser Settlement Class Members file valid claims. Each Direct Purchaser Settlement Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $50–75. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

### 8. When will I get my payment?

Direct Purchaser Settlement Class Members who submit valid Claim Forms should receive a check from the Settlement Administrator within 60 days after the Settlement has been finally approved and/or after any appeals process is complete. The hearing to consider the final fairness of the Settlement is scheduled for [**Fairness Hearing Date**.] All checks will expire and become void 90 days after they are issued.

**HOW TO GET BENEFITS**

### 9. How do I get a payment?

If you are a Direct Purchaser Settlement Class Member and you want to get a payment, you must complete and submit a Claim Form by [**Claims Deadline**]. Claim Forms can be found and submitted on-line or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form on-line or to request a paper copy, go to www.MSLmagazinesettlement.com or call toll free, 1-800-000-0000.

We also encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

Members of the Indirect Purchaser Settlement Class are not entitled to a payment under this Settlement. However, they do not give up, and may file suit seeking money against, the third party that they purchased their *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine subscription from.

**REMAINING IN THE SETTLEMENT**

| **10. What am I giving up if I stay in the Class?** |
| --- |

If the Settlement becomes final, members of both classes will give up their right to sue the Defendants for the claims being resolved by this Settlement, including claims for statutory damages. The specific claims you are giving up against the Defendants are described in Section 1.28 of the Settlement Agreement, which is available through the "Court Documents" link on this website. You will be "releasing" the Defendants and certain of their affiliates described in Section 1.29 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims.

The Settlement Agreement, in Section 1.28, describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Questions 13 & 18 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

| **11. If I'm part of the Indirect Purchaser Settlement Class, can I sue the third-party agent from whom I purchased my *Martha Stewart Living* or *Martha Stewart Weddings* magazine subscription?** |
| --- |

Yes, the Settlement expressly preserves any claims members of the Indirect Purchaser Settlement Class may have against the third parties from whom they purchased their *Martha Stewart Living* or *Martha Stewart Weddings* magazine subscriptions. This means Indirect Purchaser Settlement Class Members retain the right to sue those third parties for any claims they may have. If you choose to go this route, please be aware that there is a time limit for you to file a lawsuit based on when you subscribed to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine. If you want to obtain more information about the time you have to file a lawsuit, you should contact an attorney.

| **12. What happens if I do nothing at all?** |
| --- |

*Indirect Purchaser Settlement Class:*
If you are a member of the Indirect Purchaser Settlement Class and do nothing, you will still receive all of the benefits you are entitled to under the Settlement—the Defendants will stop disclosing your personal subscription information to third parties without your prior express written consent. In other words, as a class member, you automatically receive the protection of the injunction and no action is required by you. But, if you do nothing—and don't exclude yourself from the Settlement—you will be in the class and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. You will not be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement. You will, however, be able to start a lawsuit or be part of any other lawsuit against the third party from whom you purchased your *Martha Stewart Living* or *Martha Stewart Weddings* magazine subscription (*see* Question 11).

*Direct Purchaser Settlement Class:*
If you are a member of the Direct Purchaser Settlement Class and do nothing, you will receive the

same injunctive protections as the Indirect Purchaser Settlement Class described above, but you will not receive any monetary payment from the Settlement Fund. To receive payment, you must submit a timely, valid Claim Form. If you do nothing—and don't exclude yourself from the Settlement— you will be in the class and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. You will not be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

### THE LAWYERS REPRESENTING YOU

#### 13. Do I have a lawyer in the case?

The Court has appointed Eve-Lynn J. Rapp, Ari J. Scharg, and Schuyler R. Ufkes of Edelson PC to be the attorneys representing the class members. They are called "Class Counsel." They believe that the Settlement Agreement is fair, reasonable, and in the best interests of the class members. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

#### 14. How will the lawyers be paid?

The Defendants have agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than 35% of the Settlement Fund; Class Counsel may ask for and the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $5,000 to each Class Representative from the Settlement Fund for their services in helping to bring and settle this case.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

#### 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded from the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

Magazine Subscriber Privacy Settlement<br>
0000 Street<br>
City, ST 00000

#### 16. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this Settlement.

**17. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, you will not receive any benefits from the Settlement. If you are a member of the Direct Purchaser Settlement Class and exclude yourself, you should not submit a Claim Form to ask for payment because you won't receive any.

### OBJECTING TO THE SETTLEMENT

**18. How do I object to the Settlement?**

If you're a class member and you don't exclude yourself, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Direct Purchaser Settlement Class Member and/or the Indirect Purchaser Settlement Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendants' Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [**two weeks prior to objection deadline**].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in the answer to Question Number 22), you must say so in your letter or brief. File the objection with the Court and mail a copy to these four places postmarked no later than [**objection deadline**].

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon Linda V. Parker<br>Federal Building and U.S<br>Courthouse<br>600 Church Street, Room 102<br>Flint, MI 48502 | Ari J. Scharg<br>EDELSON PC<br>350 North LaSalle St.<br>Suite 1400<br>Chicago, IL 60654 | Jacob A. Sommer<br>ZWILLGEN PLLC<br>1900 M St. NW<br>Suite 250<br>Washington, D.C. 20036 |
|  |  | Brendan J. Healey<br>MANDELL MENKES LLC<br>One North Franklin<br>Suite 3600<br>Chicago, IL 60606 |

**19. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Direct Purchaser Settlement Class and/or the Indirect Purchaser

Settlement Class. Excluding yourself from the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class is telling the Court that you don't want to be part of the classes. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

**20. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [**Time**] on **Month 00, 2018** in Room 108 before the Honorable Linda V. Parker at the Federal Building and U.S Courthouse, 600 Church Street, Flint, Michigan 48502. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the class members; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.MSLmagazinesettlement.com or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**21. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**22. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that it is your "Notice of Intent to Appear in *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 18.

### GETTING MORE INFORMATION

**23. Where do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.MSLmagazinesettlement.com. You may also write with questions to Magazine Subscriber Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.MSLMAGAZINESETTLEMENT.COM

# Exhibit G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware corporation, and MEREDITH CORPORATION, an Iowa corporation. <br><br> Defendants. | Case No.: 4:16-cv-12808 <br><br> Hon. Linda V. Parker |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

Plaintiffs Alice Raden and Bobbie Moore and Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Class Counsel and their law firm Edelson PC desire to give an undertaking (the "Undertaking") for repayment of their award of attorneys' fees and costs, approved by the Court.

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

10

NOW, THEREFORE, the undersigned Class Counsel, on behalf of themselves as individuals and as agents of Edelson PC, hereby submit themselves and Edelson PC to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Edelson PC and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and in the Settlement Agreement.

In the event that the Final Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendants the full amount of the attorneys' fees and costs paid by Defendants to Class Counsel, including any accrued interest.

In the event the attorneys' fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendants the attorneys' fees and costs paid by Defendants to Class Counsel and/or the Class Representatives in

the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Judgment.

In the event Class Counsel fails to repay to Defendants any of the attorneys' fees and costs that are owed to them pursuant to this Undertaking, the Court shall, upon application of Defendants, and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against Class Counsel, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Edelson PC.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile or electronic signature shall be deemed the same as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

12

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGE FOLLOWS]

Dated: 11/28, 2018                **EDELSON PC**

                                   By: _____
                                   Ari J. Scharg, individually and
                                   on behalf of Edelson PC

                                   *Attorneys for Plaintiff and the Settlement
                                   Class*

Dated: _____, 2018           **MANDELL MENKES LLC**

                                   By: _____

                                   *Attorney for Defendant Martha Stewart
                                   Living Omnimedia, Inc.*

Dated: _____, 2018           **ZWILLGEN, PLLC**

                                   By: _____

                                   *Attorney for Defendant Meredith
                                   Corporation*

14

Dated: _____, 2018            **EDELSON PC**


By: _____
Ari J. Scharg, individually and
on behalf of Edelson PC

*Attorneys for Plaintiff and the Settlement
Class*


Dated: Nou. 29, 2018               **MANDELL MENKES LLC**


By: _____

*Attorney for Defendant Martha Stewart
Living Omnimedia, Inc.*


Dated: November 28, 2018           **ZWILLGEN, PLLC**


By: _____

*Attorney for Defendant Meredith
Corporation*

14