# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of the settlement classes, | Case No.: 4:16-cv-12808 |
| Plaintiffs, | Hon. Linda V. Parker |
| v. | |
| MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware corporation, and MEREDITH CORPORATION, an Iowa corporation. | |
| Defendants. | |

## DECLARATION OF JOSEPH F. MAHAN
## IN SUPPORT OF FINAL APPROVAL

I, Joseph F. Mahan, declare as follows:

1.      I am a Client Services Manager for Heffler Claims Group ("Heffler") in Philadelphia, Pennsylvania. I am over twenty-one years of age and am authorized to make this declaration on behalf of Heffler and myself. The following statements are based on my personal knowledge and information provided by other experienced Heffler employees working under my supervision. This declaration is being filed in support of final approval. If called as a witness I could and would testify competently thereto.

2.      Heffler has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud,

employment and labor, consumer, and government enforcement matters. Heffler has provided notification and/or claims administration services in more than 1,000 cases.

3.     Heffler was appointed as the Settlement Administrator to provide notification and claims administration services in this case, *Alice Raden, et al. v. Martha Stewart Living Omnimedia, Inc., et al,* Case No. 16-CV-12808, referred to herein as the "Settlement." Heffler's duties in this Settlement have and will include: (a) preparing and sending notice under the Class Action Fairness Act 28 U.S.C. §1715(b) ("CAFA"); (b) receiving and analyzing the Class Member Data ("the Class List") from defense counsel;  (c) establishing a post office box for the receipt of mail; (d) creating a website with online claim filing capabilities; (e) establishing a toll-free number; (f) preparing and sending Email Notice and Postcard Notice; (g) receiving and processing opt-outs and objections; (h) receiving and processing Claim Forms; and (i) such other tasks as counsel for the parties  or the Court orders Heffler to perform. Throughout its work on this case, Heffler has provided counsel with regular updates on the status of these tasks.

4.     On behalf of the Defendant, Heffler provided notice of the proposed settlement reflected in the Settlement Agreement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ("the CAFA Notice").  At Defense Counsels' direction, Heffler sent the CAFA Notice, attached hereto as **Exhibit A**, and accompanying CDs containing the documents required under 28 U.S.C.

§1715(b)(1)-(8) to the Attorney General of the United States and 52 state Attorneys General identified in the Manifest for the CAFA Notice via First-Class Certified Mail, on December 20, 2018.

5.     On January 14, 2019, Heffler received 2 data files containing names, street addresses and email addresses for customers who were Direct and Indirect purchasers of the Martha Stewart magazine.  The list of Direct purchasers contained 23,856 records with addresses only, 31,292 records with street addresses and email addresses, and 28 duplicate records, for a total of 55,176 records.  The list of Indirect purchasers contained 35,813 records with addresses only, 45,648 records with street addresses and email addresses, and 76 duplicate records, for a total of 81,537 records.

6.     On December 17, 2018, Heffler obtained a post office box with the mailing address *Magazine Subscriber Privacy Settlement,* c/o Settlement Administrator, P.O. Box 58310, Philadelphia, PA 19102-8310 in order to receive requests for exclusion, objections, claim forms, and correspondence from Class Members.

7.     On April 22, 2019, Heffler created and is currently hosting a dedicated website entitled www.MSLmagazinesettlement.com. The website contains a summary of the Settlement, frequently asked questions, the Settlement Agreement, the Preliminary Approval Order, the Class Notices, Claim Form, Plaintiffs' Motion

for attorneys' fees and related materials, information on the claim filing/exclusion/objection deadlines and allows Direct Purchaser Settlement Class Members the opportunity to file a Claim Form online. At the direction of counsel, Heffler will also be posting this declaration and Plaintiffs' motion for final approval on the settlement website after they are filed with the Court.

8.     On April 26, 2019, Heffler established and is still maintaining a toll-free number, 1-844-491-5743, for Class Members to call and obtain additional information regarding the Settlement using an Interactive Voice Response ("IVR") system, and speaking with live operators.  As of July 17, 2019, 715 Class Members have called the toll-free number.

9.     On December 13, 2018, Heffler received versions of the Email Notice, Long Form Notice, Postcard Notice and Claim Form from counsel.  Heffler prepared and formatted drafts of the materials that counsel reviewed and approved. True and correct copies of the Email Notices for Direct and Indirect Purchasers, Long Form Notice, Postcard Notices for Direct and Indirect Purchasers and Claim Form are attached hereto as **Exhibit B**.

10.     On April 26, 2019, Heffler caused the sending of Email Notices to the 31,292 Direct Purchasers and 45,648 Indirect Purchasers email addresses on file for Class Members for a combined total of 76,940 emails. Of the 76,940 emails sent, 15,716 emails bounced or were rejected.

11.     On May 3, 2019, Heffler caused the printing and mailing of Postcard Notices to 23,856 Direct Purchasers and 35,813 Indirect Purchasers Class Members with a physical address on file, for a combined total of 59,669 Postcard Notices. In order to provide the best notice practicable, Heffler ran the data through the USPS National Change of Address ("NCOA") database and updated the data with the address changes received from NCOA.

12.     On May 9, 2019, Heffler cause the supplemental printing and mailing of Postcard Notices to 6,319 Direct Purchasers and 9,397 Indirect Purchasers Class Members whose initial Email Notice bounced or were rejected.

13.     As of July 17, 2019, Heffler has received a total of 3,678 Postcard Notices returned by the USPS as undeliverable as addressed.  Heffler has updated the records in the database to identify these as undeliverable.

14.     As of July 17, 2019, Heffler, has received 73 notices returned by the USPS with a forwarding address.

15.     As of July 17, 2019, Heffler has received 1,485 Claim Forms submitted through the Settlement website and 5,929 Claim Forms submitted via mail, for a total of 7,414 Claim Forms. Heffler has been reviewing and will continue to review the Claims for validity as they are received and processed. To prevent claims form individuals outside the Direct Purchaser Settlement Class and to prevent fraud, Class Members were provided a unique Class Member ID on their respective Notices. The

Class Member ID is required for Direct Purchaser Settlement Class Members to file a claim online.

16.    Upon review of the claim forms, Heffler will be sending deficiency notices to claimants who are included in the Direct Purchaser Settlement Class and whose claims were initially deficient. Pursuant to Section 5.2 of the Settlement Agreement, any claimant who is sent a deficiency notice will have 30 days after the Claims Deadline to cure any deficiencies.

17.    As of July 17, 2019, Heffler has received and processed eight (8) requests for exclusion from the Settlement. The names of the individuals who requested exclusion from the Settlement are attached hereto as **Exhibit C**.

18.    As of July 17, 2019, Heffler has not received any objections to the Settlement.

19.    As of July 17 2019, Heffler has sent invoices totaling $66,112.63 covering fees and costs associated with administering the Settlement.


I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this Declaration was executed on July 17, 2019      in Philadelphia, Pennsylvania.

JOSEPH F. MAHAN

6

# Exhibit A

Brendan J. Healey
Mandell Menkes LLC
One North Franklin, Suite 3600
Chicago, IL 60606
Tel: (312) 251-1000
bhealey@mandellmenkes.com

Jacob A. Sommer
ZwillGen PLLC
1900 M St. NW, Suite 250
Washington, D.C. 20036
Tel: (202) 706-5205
jake@zwillgen.com

**DECEMBER 20, 2018**

<u>VIA FIRST CLASS CERTIFIED MAIL</u>

To:    All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715 (see attached distribution list)

Re:    CAFA Notice for the Proposed Settlement in *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP in the United States District Court, Eastern District of Michigan

Ladies and Gentlemen:

Pursuant to Section 3 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation ("Defendants") hereby notify you of the proposed settlement of the above-captioned action (the "Action") currently pending in the United States District Court, Eastern District of Michigan (the "Court").

This lawsuit claims that Defendants violated Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1712 ("PPPA") by disclosing information related to its customers' magazine subscriptions to third parties. The Defendants deny they violated any law and/or committed any wrongdoing, and the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

Under CAFA, 28 U.S.C. § 1715(b), there are eight items that must be provided to you in connection with any proposed class action settlement. Each of these items is addressed below.

1.    <u>28 U.S.C. § 1715 (b)(l) - a copy of the complaint, any materials filed with the complaint, and any amended complaints.</u>

The Complaint is provided in electronic form on the enclosed CD as Exhibit A.

2.    <u>28 U.S.C. § 1715 (b)(2) - notice of any scheduled judicial hearing in the class action.</u>

On December 10th, 2018, Plaintiffs filed a motion for preliminary approval of a class action settlement. A date for the Preliminary Approval Hearing has not yet been set. A copy of the Plaintiffs' Unopposed Motion for and Brief in Support of Preliminary Approval of Class Action Settlement is provided in electronic form on the enclosed CD as Exhibit B.

3.    <u>28 U.S.C. § 1715(b)(3) - any proposed or final notification to class members.</u>

A copy of the proposed Claim Forms and Notices of settlement that will be provided to class members by email, first-class mail, and through the website created for the administration of this matter are provided on the enclosed CD as Exhibits C-1, C-2,

December 20, 2018
Page No. 2

C-3, C-4, C-5, and C-6. The Notices describe the class members' right to exclude themselves from the class.

4.      28 U.S.C. § 1715(b)(4) - any proposed or final class action settlement.

A copy of the Class Action Settlement Agreement (with exhibits) is provided on the enclosed CD as Exhibit D.

5.      28 U.S.C. § 1715(b)(5) - any settlement or other agreement contemporaneously made between class counsel and counsel for defendants.

There are no other settlements or other agreements between class counsel and counsel for Defendants beyond what is set forth in the Class Action Settlement Agreement.

6.      28 U.S.C. § 1715(b)(6) - any final judgment or notice of dismissal.

There has been no final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.      28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.

The definition of the class in the Settlement Agreement includes all persons with Michigan street addresses who were subscribers to Martha Stewart Living magazine or Martha Stewart Weddings magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith ("Direct Purchaser Settlement Class") or who purchased their subscriptions from a third-party ("Indirect Purchaser Settlement Class"). A breakdown of the class is provided on the enclosed CD as Exhibit E.

8.      28 U.S.C. § 1715(b)(8) - any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6).

There are no written judicial opinions relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6) at this time.

If you have any questions about this notice, the Action, or the enclosed materials, please contact the undersigned counsels for Defendants listed below.

Sincerely,

Brendan J. Healey                                          Jacob A. Sommer

December 20, 2018
Page No. 3

SERVICE LIST FOR CAFA NOTICE

**Acting U.S. Attorney General**
Matthew Whitaker
District of Columbia Attorney General
950 Pennsylvaina Ave, NW
Washington, DC 20530-0009

**Alabama Attorney General**
Steven Marshall
501 Washington Ave. P.O. Box 300152
Montgomery, AL 36130-0152

**Alaska Attorney General**
Jahna Lindemuth
1031 W 4th Ave, Suite 200
Anchorage, AK 99501-1994

**American Samoa Attorney General**
Talauega Eleasalo V. Ale
American Samoa Gov't, Exec. Ofc. Bldg, Utulei,
Territory of American Samoa
Pago Pago, AS 96799

**Arizona Attorney General**
Mark Brnovich
1275 W. Washington St.
Phoenix, AZ 85007

**Arkansas Attorney General**
Leslie Rutledge
323 Center St., Suite 200
Little Rock, AR 72201-2610

**California Attorney General**
Xavier Becerra
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Cynthia H. Coffman
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

December 20, 2018
Page No. 4

**Connecticut Attorney General**
George Jepsen
55 Elm St.
Hartford, CT 06106

**Delaware Attorney General**
Matthew Denn
Carvel State Office Building
820 N. French St.,
Wilmington, DE 19801

**District of Columbia Attorney General**
Karl Racine
441 4th Street, NW, Suite 1100S
Washington, DC 20001

**Florida Attorney General**
Pamela J. Bondi
The Capitol, PL 01
Tallahassee, FL 32399-1050

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334-1300

**Guam Attorney General**
Elizabeth Barret-Anderson
Office of the Attorney General,  ITC Building
590 S. Marine Corps Dr, Ste. 706
Tamuning, Guam  96913

**Hawaii Attorney General**
Russell Suzuki
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Lawrence Wasden
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720-1000

**Illinois Attorney General**
Lisa Madigan
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

December 20, 2018
Page No. 5

**Indiana Attorney General**
Curtis T. Hill, Jr
Indiana Government Center South – 5th Floor
302 West Washington Street
Indianapolis, IN 46204

**Iowa Attorney General**
Tom Miller
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Derek Schmidt
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612-1597

**Kentucky Attorney General**
Andy Beshear
700 Capitol Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Jeff Landry
P.O. Box 94095
Baton Rouge, LA 70804-4095

**Maine Attorney General**
Janet T. Mills
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Brian Frosh
200 St. Paul Place
Baltimore, MD 21202-2202

**Massachusetts Attorney General**
Maura Healey
1 Ashburton Place
Boston, MA 02108-1698

**Michigan Attorney General**
Bill Schuette
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909-0212

December 20, 2018
Page No. 6

**Minnesota Attorney General**
Lori Swanson
State Capitol,
75 Dr. Martin Luther King Jr. Blvd., Ste. 102
St. Paul, MN 55155

**Mississippi Attorney General**
Jim Hood
Department of Justice
P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Josh D. Hawley
Supreme Ct. Bldg.
207 W. High St.
Jefferson City, MO 65101

**Montana Attorney General**
Tim Fox
Justice Bldg.
215 N. Sanders
Helena, MT 59620-1401

**Nebraska Attorney General**
Doug Petterson
State Capitol
P.O. Box 98920
Lincoln, NE 68509-8920

**Nevada Attorney General**
Adam Paul Laxalt
Old Supreme Ct. Bldg.
100 N. Carson St.
Carson City, NV 89701

**New Hampshire Attorney General**
Gordon Macdonald
33 Capitol St.
Concord, NH 03301

**New Jersey Attorney General**
Gurbir S. Grewal
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, NJ 08625

December 20, 2018
Page No. 7

**New Mexico Attorney General**
Hector Balderas
P.O. Drawer 1508
Santa Fe, NM 87504-1508

**New York Attorney General**
Barbara Underwood
Department of Law - The Capitol, 2nd fl.
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
Dept. of Justice
P.O. Box 629
Raleigh, NC 27602-0629

**North Dakota Attorney General**
Wayne Stenehjem
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505-0040

**Northern Mariana Islands Attorney General**
Edward Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950-8907

**Ohio Attorney General**
Mike DeWine
State Office Tower
30 E. Broad St.,
Columbus, OH 43266-0410

**Oklahoma Attorney General**
Mike Hunter
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Justice Bldg.
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Josh Shapiro
Pennsylvania Office of Attorney General, 16th Flr.
Strawberry Square
Harrisburg, PA 17120

December 20, 2018
Page No. 8

**Puerto Rico Attorney General**
Wanda Vazquez-Garced
P.O. Box 9020192
San Juan, PR 00902-0192

**Rhode Island Attorney General**
Peter Kilmartin
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Building
P.O.Box 11549,
Columbia, SC 29211-1549

**South Dakota Attorney General**
Marty J. Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501

**Tennessee Attorney General**
Herbert H. Slatery, III
425 5th Avenue North
Nashville, TN 37243

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O.Box 12548,
Austin, TX 78711-2548

**Utah Attorney General**
Sean Reyes
State Capitol, Rm. 236
Salt Lake City, UT 84114-0810

**Vermont Attorney General**
TJ Donovan
109 State St.
Montpelier, VT 05609-1001

**Virgin Islands Attorney General**
Claude E. Walker
34-38 Kornprindsens Gade
G.E.R.S. Building, 2nd Flr
St. Thomas, VI 00802

December 20, 2018
Page No. 9

**Virginia Attorney General**
Mark Herring
202 North Ninth St.
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504-0100

**West Virginia Attorney General**
Patrick Morrisey
State Capitol
1900 Kanawha Blvd., E.
Charleston, WV 25305

**Wisconsin Attorney General**
Brad Schimel
Wisconsin Department of Justice, State Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707-7857

**Wyoming Attorney General**
Peter K. Michael
State Capitol Bldg.
Cheyenne, WY 82002

# Exhibit B

From: MagazineSettlement@MSLmagazinesettlement.com
To: <JonQClassMember@domain.com>
Subject line: Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP
**(United States District Court for the Eastern District of Michigan)**

Class Member ID: {{REC.RefNum}}

Please retain your Class Member ID for your records; you will need this ID to file a claim.

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation disclosed their customers' *Martha Stewart Living* magazine subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

### Am I a Class Member?
Our records indicate you may be a member of the "Direct Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and purchased their subscriptions directly from Martha Stewart or Meredith.

### What Can I Get?
If approved by the Court, Defendants will establish a Settlement Fund of $965,000 to pay all valid claims submitted by the Direct Purchaser Settlement Class Members, together with notice and administration expenses, attorneys' fees and costs, and an incentive award for the Class Representatives. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $50–$75. The Settlement also requires that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to third parties without prior express written consent. Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement.

### How Do I Get a Payment?
You must submit by mail or online a timely and properly completed Claim Form no later than September 14, 2019. You may submit a Claim Form online at www.MSLmagazinesettlement.com or download a Claim Form from the website and submit it to the Settlement Administrator at the address below by mail postmarked by September 14, 2019. You may also request a paper copy of the Claim Form by writing to the Settlement Administrator at the address below, or by calling toll-free 1-844-491-5743.

If you wish to submit a Claim Form, your Class Member ID is {{REC.RefNum}}.

### What are My Other Options?

You may exclude yourself from the Class by sending a letter to the Settlement Administrator postmarked by than **June 17, 2019**. If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than **June 17, 2019**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.MSLmagazinesettlement.com. If you file a Claim Form or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released.

### Who Represents Me?

The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel." Plaintiff Alice Raden—a class member like you—has been appointed by the Court as the "Class Representative" of the Direct Purchaser Settlement Class. You can hire your own lawyer, but if you do, you'll need to pay your own legal fees.

### When Will the Court Consider the Proposed Settlement?

The Court will hold the Final Approval Hearing at 11:00 a.m. EDT on July 31, 2019 at Theodore Levin Courthouse, Room 204, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each from the Settlement Fund for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 35% of the Settlement Fund; the Court may award less than this amount.

### How Do I Get More Information?

For more information, including the full Notice, Claim Form, and a copy of the Settlement Agreement and other court documents, go to www.MSLmagazinesettlement.com, contact the Settlement Administrator at 1-844-491-5743 or Magazine Subscriber Privacy Settlement, c/o Settlement Administrator, P.O. Box 58310, Philadelphia, PA 19102-8310, or call Class Counsel at 1-866-354-3015.

From:  MagazineSettlement@MSLmagazinesettlement.com
To:      <JonQClassMember@domain.com>
Subject line:   Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP
**(United States District Court for the Eastern District of Michigan)**

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation disclosed their customers' *Martha Stewart Living* magazine subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

### Am I a Class Member?

Our records indicate you may be a member of the "Indirect Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third party. The Indirect Purchaser Settlement Class is part of a broader settlement that also includes a "Direct Purchaser Settlement Class" comprised of all persons with Michigan street addresses who purchased a subscription to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine directly from Martha Stewart or Meredith. If you believe you are a member of the Direct Purchaser Settlement Class, please visit www.MSLmagazinesettlement.com.com for additional information regarding your rights under the Settlement.

### What Can I Get?

The Settlement provides that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to any third parties without the prior express written consent of the affected subscribers. Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement.

### What are My Other Options?

You may exclude yourself from the Class by sending a letter to the Settlement Administrator postmarked by **June 17, 2019**. If you exclude yourself, you will not be eligible for any benefits under the Settlement, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than **June 17, 2019**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.MSLmagazinesettlement.com. If you do nothing and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released. You may still file suit against the third party you bought the magazine from.

1

### Who Represents Me?

The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel." Plaintiff Bobbie Moore—a class member like you—has been appointed by the Court as the "Class Representative" of the Indirect Purchaser Settlement Class. You can hire your own lawyer, but if you do, you'll need to pay your own legal fees.

### When Will the Court Consider the Proposed Settlement?

The Court will hold the Final Approval Hearing at 11:00 a.m. EDT on July 31, 2019 at Theodore Levin Courthouse, Room 204, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 35% of a settlement fund created for direct purchasers; the Court may award less than this amount.

### How Do I Get More Information?

For more information, including the full Notice and a copy of the Settlement Agreement and other court documents, go to www.MSLmagazinesettlement.com, contact the Settlement Administrator at 1-844-491-5743 or Magazine Subscriber Privacy Settlement, c/o Settlement Administrator, P.O. Box 58310, Philadelphia, PA 19102-8310, or call Class Counsel at 1-866-354-3015.

Magazine Subscriber Privacy Settlement
c/o Settlement Administrator
PO Box 58310
Philadelphia, PA 19102-8310

FIRST-CLASS MAIL
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. <<XX>>

Court Authorized Notice of Class Action and Proposed Settlement

OUR RECORDS INDICATE
YOU HAVE SUBSCRIBED TO
MARTHA STEWART LIVING
MAGAZINE OR MARTHA
STEWART WEDDINGS
MAGAZINE AND ARE
ENTITLED TO A PAYMENT
FROM A CLASS ACTION
SETTLEMENT.

<<Barcode>>

Class Member ID: <<Refnum>>

«Company»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «State» «Zip»-«Zip4»

[BARCODE AREA]

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation disclosed their customers' *Martha Stewart Living* magazine subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a member of the "Direct Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith.

**What Can I Get?** If approved by the Court, Defendants will establish a Settlement Fund of $965,000 to pay all valid claims submitted by the Direct Purchaser Settlement Class Members, together with notice and administration expenses, attorneys' fees and costs, and an incentive award for the Class Representatives. If you are entitled to relief, you may submit a claim to receive a pro rata share of the Settlement Fund, estimated at $50–$75. The Settlement also requires that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to third parties without prior express written consent. Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement.

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form no later than September 14, 2019. You may use the Claim Form attached to this Notice or submit one online at www.MSLmagazinesettlement.com.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator postmarked by June 17, 2019. If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be postmarked no later than June 17, 2019. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.MSLmagazinesettlement.com. If you file a Claim Form or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released.

**Who Represents Me?** The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel." Plaintiff Alice Raden—a class member like you—has been appointed by the Court as the "Class Representative" of the Direct Purchaser Settlement Class. You can hire your own lawyer, but if you do, you'll need to pay your own legal fees.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 11:00 a.m. EDT on July 31, 2019 at the Theodore Levine Courthouse, Room 204, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each from the Settlement Fund for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 35% of the Settlement Fund; the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and a copy of the Settlement Agreement and other court documents, go to www.MSLmagazinesettlement.com, contact the Settlement Administrator at 1-844-491-5743 or Magazine Subscriber Privacy Settlement, c/o Settlement Administrator, PO Box 58310, Philadelphia, PA 19102-8310, or call Class Counsel at 1-866-354-3015.

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL     PERMIT NO xxx     City, ST

Magazine Subscriber Privacy Settlement
c/o Settlement Administrator
PO Box 58310
Philadelphia, PA 19102-8310

<<Barcode>>

Class Member ID: <<Refnum>>

**MAGAZINE SUBSCRIBER PRIVACY
SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY SEPTEMBER 14, 2019 AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT. **Instructions: Fill out each section of this form and sign where indicated.**

Name: _____ _____ _____
       First                                 M.I.       Last

Street Address:_____

City: _____ State: ____ ____ Zip Code: ____ ____ ____ ____ ____

Email Address: _____ @ _____
(Optional)

Contact Phone # (__ __ __) __ __ __ - __ __ __ __ (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Direct Purchaser Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐    I had a Michigan street address and was a subscriber to Martha Stewart Living magazine or Martha Stewart Weddings magazine between July 31, 2010 and July 31, 2016 and purchased my subscription directly from Martha Stewart Living Omnimedia, Inc. or Meredith Corporation.

☐    Under penalty of perjury, all information provided in this claim form is true and correct to the best of my knowledge and belief.

Signature: _____ Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your claim form; if accepted you will be mailed a check for a pro rata share of the Settlement Fund. The amount paid will depend on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.MSLmagazinesettlement.com or call 1-844-491-5743**

Magazine Subscriber Privacy Settlement
c/o Settlement Administrator
PO Box 58310
Philadelphia, PA 19102-8310

FIRST-CLASS MAIL
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. <<XX>>

Court Authorized Notice of Class Action and Proposed Settlement

OUR RECORDS INDICATE
YOU HAVE SUBSCRIBED TO
MARTHA STEWART LIVING
MAGAZINE OR MARTHA
STEWART WEDDINGS
MAGAZINE AND MAY BE A
PART OF A CLASS ACTION
SETTLEMENT.

<<Barcode>>

Class Member ID: <<Refnum>>

«Company»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «State» «Zip»-«Zip4»

[BARCODE AREA]

A settlement has been reached in a class action lawsuit claiming that Defendants Martha Stewart Living Omnimedia, Inc. and Meredith Corporation disclosed their customers' *Martha Stewart Living* magazine subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a member of the "Indirect Purchaser Settlement Class," which includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third party. The Indirect Purchaser Settlement Class is part of a broader settlement that also includes a "Direct Purchaser Settlement Class" comprised of all persons with Michigan street addresses who purchased a subscription to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine directly from Martha Stewart or Meredith. If you believe you are a member of the Direct Purchaser Settlement Class, please visit www.MSLmagazinesettlement.com for additional information regarding your rights under the Settlement.

**What Can I Get?** The Settlement provides that, for a period of three (3) years, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to any third parties without the prior express written consent of the affected subscribers. Defendants have also agreed to perform annual audits to ensure compliance with the terms of the Settlement.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator postmarked by June 17, 2019. If you exclude yourself, you will not be eligible for any benefits under the Settlement, but you keep any rights you may have to sue the Defendants over the legal issues in this lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be postmarked no later than June 17, 2019. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.MSLmagazinesettlement.com. If you do nothing and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendants will be released. You may still file suit against the third party you bought the magazine from.

**Who Represents Me?** The Court has appointed lawyers from the law firm Edelson PC to represent you as "Class Counsel." Plaintiff Bobbie Moore—a class member like you—has been appointed by the Court as the "Class Representative" of the Indirect Purchaser Settlement Class. You can hire your own lawyer, but if you do you'll need to pay your own legal fees.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 11:00 a.m. EDT on July 31, 2019 at the Theodore Levine Courthouse, Room 204, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each for their services in helping to bring and settle this case. Defendants have agreed to pay Class Counsel attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 35% of a settlement fund created for direct purchasers; the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice and a copy of the Settlement Agreement and other court documents, go to www.MSLmagazinesettlement.com, contact the Settlement Administrator at 1-844-491-5743 or Magazine Subscriber Privacy Settlement, c/o Settlement Administrator, PO Box 58310, Philadelphia, PA 19102-8310 or call Class Counsel at 1-866-354-3015.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
*Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP

**IF YOU PURCHASED A SUBSCRIPTION TO MARTHA STEWART LIVING MAGAZINE OR MARTHA STEWART WEDDINGS MAGAZINE BETWEEN JULY 31, 2010 AND JULY 31, 2016, YOU MAY BE PART OF A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against magazine publishers Martha Stewart Living Omnimedia, Inc. ("Martha Stewart") and Meredith Corporation ("Meredith"), who are the Defendants in the case. The class action lawsuit involves whether Martha Stewart and Meredith disclosed their customers' personally identifiable subscription information to third parties in violation of Michigan privacy law. The Defendants deny they violated any law.

- Two groups or "classes" of people are included in the Settlement. The first group is called the "Direct Purchaser Settlement Class" and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith. The second group is called the "Indirect Purchaser Settlement Class" and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions from a third party.

- Each Class is entitled to different relief under the Settlement. Both Classes are entitled to injunctive relief, which means that, for a period of three (3) years, the Defendants will not disclose their Michigan customers' personally identifiable magazine subscription information to third parties without the prior express written consent of the affected subscribers. Defendants will also perform annual audits to ensure compliance with the terms of the Settlement. Because the law allows only consumers who subscribed directly from a publisher to recover money, those included in the Direct Purchaser Settlement Class will also be eligible to receive a *pro rata*, or equally split, portion of a $965,000 Settlement Fund. Class Counsel anticipates the payments to be approximately $50–$75 per Direct Purchaser Settlement Class Member. The amount ultimately recoverable depends on the number of claims filed, the cost of notice, and the amount awarded for costs, fees, and incentive awards to the Class Representatives, which are all paid out of the Settlement Fund.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| IF YOU ARE A MEMBER OF EITHER SETTLEMENT CLASS, YOU MAY: | |
|---|---|
| **SUBMIT A CLAIM FORM** (Direct Purchasers only) | This is the only way for Direct Purchasers to receive a payment. |
| **EXCLUDE YOURSELF** | You will be ineligible to get any benefits, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You will automatically receive the injunctive benefits of the Settlement, but you won't get a share of the Settlement Fund if you're a direct purchaser and will give up your rights to sue the Defendants about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

### BASIC INFORMATION

## 1. Why was this Notice issued?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Linda V. Parker, of the U.S. District Court for the Eastern District of Michigan, is overseeing this case. The case is known as *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP. The persons who sued are called the Plaintiffs. The companies that got sued are called the Defendants, which are Martha Stewart Living Omnimedia, Inc. and Meredith Corporation in this case. Collectively, the Plaintiffs and the Defendants are referred to as the "Parties."

## 2. What is a class action?

A class action is a lawsuit in which one or more plaintiffs—in this case, Alice Raden and Bobbie Moore—sue on behalf of groups of people who have similar claims. Together, these groups—known as the Direct Purchaser Settlement Class and the Indirect Purchaser Settlement Class here—are called the "classes" and collectively consist of "class members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the classes. After the Parties reached an agreement to settle this case (the "Settlement"), the Court granted preliminary approval of the Settlement and recognized it is a case that should be treated as a class action for

Questions? Visit www.MSLmagazinesettlement.com or call 1-866-354-3015.

2

settlement purposes.

## 3. What is this lawsuit about?

This lawsuit claims that Defendants violated Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1712 ("PPPA") by disclosing information related to their customers' magazine subscriptions to third parties. Under the PPPA, only purchases made "at retail" are a violation and entitle a consumer to relief. The Defendants deny they violated the law, and the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. More information about the lawsuit and key documents can be found in the "Documents" section of the settlement website at www.MSLmagazinesettlement.com

## 4. Why is there a Settlement?

Both Plaintiffs and Defendants agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and class members will get relief now rather than, if at all, years from now. The Plaintiffs (who were appointed by the Court as "Class Representatives") and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the class members.

## WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am a part of this Settlement?

The Court decided that two groups or "classes" of people are part of the Settlement.

The first group is called the **Direct Purchaser Settlement Class** and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith. Most members of the Direct Purchaser Settlement Class purchased their subscriptions by mailing in a postcard to Martha Stewart Living Omnimedia, Inc. or Meredith Corporation. Such postcards typically include discounts off the cover price when buying a subscription. Other members of this class purchased their subscriptions online through www.marthastewart.com/customer-service or www.magazine.store. Based on Defendants' records, there are approximately 55,176 members of the Direct Purchaser Settlement Class.

The second group is called the **Indirect Purchaser Settlement Class** and includes all persons with Michigan street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine and who purchased their subscriptions from a third party between July 31, 2010 and July 31, 2016. Most members of the Indirect Purchaser Settlement Class purchased their subscriptions online through third-party agents like Magazines.com.

Most people will be members of only one class. But you may be a member of both classes if, for instance, between July 31, 2010 and July 31, 2016, you were a subscriber to *Martha Stewart Living* or *Martha Stewart Weddings* magazine and purchased your subscription through a third-party agent and then renewed directly from Martha Stewart or Meredith.

Questions? Visit www.MSLmagazinesettlement.com or call 1-866-354-3015.

3

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

***Injunctive Relief and Privacy Protections for Both Classes***:
For both the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class, the Settlement provides that, for a period of three (3) years following Preliminary Approval, Defendants will not disclose any of their Michigan customers' personally identifiable magazine subscription information to any third parties without the prior express written consent of the affected subscribers. Defendants have also agreed to perform annual audits to ensure they are complying with the terms of the Settlement.

***Monetary Relief for the Direct Purchaser Settlement Class***:
For the Direct Purchaser Settlement Class, Defendants have created a Settlement Fund totaling $965,000 from which Direct Purchaser Settlement Class Members may submit Claim Forms for monetary payment, which Class Counsel estimates to be $50–$75 per person. The Settlement Fund will also be used to pay the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representatives (*see* Question 14).

Any individual who is a member of *both* the Direct Purchaser Settlement Class and the Indirect Purchaser Settlement Class may submit a Claim Form to receive payment for a valid Direct Purchaser claim.

Members of the Indirect Purchaser Settlement Class do not give up any claims against, and may file suit seeking money against, the third party that they purchased their *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine subscription from.

A detailed description of the Settlement benefits can be found in the Settlement Agreement available on www.MLSmagazinesettlement.com.

### 7. How much will my payment be?

If you are member of the Direct Purchaser Settlement Class, you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many Direct Purchaser Settlement Class Members file valid claims. Each Direct Purchaser Settlement Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $50–$75. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

### 8. When will I get my payment?

Direct Purchaser Settlement Class Members who submit valid Claim Forms should receive a check from the Settlement Administrator within 60 days after the Settlement has been finally approved and/or after any appeals process is complete. The hearing to consider the final fairness of the Settlement is scheduled for **July 31, 2019 at 11:00 a.m.** at the Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. All checks will expire and become void 90 days after they are issued.

Questions? Visit www.MSLmagazinesettlement.com or call 1-866-354-3015.

4

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Direct Purchaser Settlement Class Member and you want to get a payment, you must complete and submit a Claim Form by **September 14, 2019** (postmarked by September 14, 2019 if sent by mail). Claim Forms can be found and submitted online or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form online or to request a paper copy, go to www.MSLmagazinesettlement.com or call the Settlement Administrator toll free, 1-844-491-5743.

We also encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

Members of the Indirect Purchaser Settlement Class are not entitled to a payment under this Settlement. However, they do not give up any claims against, and may file suit seeking money against, the third party that they purchased their *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine subscription from.

### REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, members of both classes will give up their right to sue the Defendants for the claims being resolved by this Settlement, including claims for statutory damages. The specific claims you are giving up against the Defendants are described in Section 1.28 of the Settlement Agreement, which is available through the "Documents" link on this website. You will be "releasing" the Defendants and certain of their affiliates described in Section 1.29 of the Settlement Agreement. Unless you exclude yourself (*see* Question 15), you are "releasing" the claims.

The Settlement Agreement, in Section 1.28, describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Questions 13 & 18 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11.  If I'm part of the Indirect Purchaser Settlement Class, can I sue the third-party agent from whom I purchased my Martha Stewart Living or Martha Stewart Weddings magazine subscription?

Yes, the Settlement expressly preserves any claims members of the Indirect Purchaser Settlement Class may have against the third parties from whom they purchased their *Martha Stewart Living* or *Martha Stewart Weddings* magazine subscriptions. This means Indirect Purchaser Settlement Class Members retain the right to sue those third parties for any claims they may have. If you choose to go this route, please be aware that there is a time limit for you to file a lawsuit based on when you subscribed to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine. If you want to obtain more information about the time you have to file a lawsuit, you should contact an attorney.

Questions? Visit www.MSLmagazinesettlement.com or call 1-866-354-3015.

5

## 12. What happens if I do nothing at all?

*Indirect Purchaser Settlement Class:*
If you are a member of the Indirect Purchaser Settlement Class and do nothing, you will still receive all of the benefits you are entitled to under the Settlement—the Defendants will stop disclosing your personal subscription information to third parties without your prior express written consent. In other words, as a class member, you automatically receive the protection of the injunction and no action is required by you. But, if you do nothing—and don't exclude yourself from the Settlement—you will be in the class and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. You will not be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement. You will, however, be able to start a lawsuit or be part of any other lawsuit against the third party from whom you purchased your *Martha Stewart Living* or *Martha Stewart Weddings* magazine subscription (*see* Question 11).

*Direct Purchaser Settlement Class:*
If you are a member of the Direct Purchaser Settlement Class and do nothing, you will receive the same injunctive protections as the Indirect Purchaser Settlement Class described above, but you will not receive any monetary payment from the Settlement Fund. To receive payment, you must submit a timely, valid Claim Form. If you do nothing—and don't exclude yourself from the Settlement— you will be in the class and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. You will not be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

The Court has appointed Eve-Lynn J. Rapp, Ari J. Scharg, and Schuyler R. Ufkes of Edelson PC to be the attorneys representing the class members. They are called "Class Counsel." They believe that the Settlement Agreement is fair, reasonable, and in the best interests of the class members. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

## 14. How will the lawyers be paid?

The Defendants have agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than 35% of the Settlement Fund; Class Counsel may ask for and the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $5,000 to each Class Representative from the Settlement Fund for their services in helping to bring and settle this case.

Questions? Visit www.MSLmagazinesettlement.com or call 1-866-354-3015.

6

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded from the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class. You must mail your exclusion postmarked by **June 17, 2019** to:

Magazine Subscriber Privacy Settlement
c/o Settlement Administrator
P.O. Box 58310
Philadelphia, PA 19102-8310

### 16. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this Settlement.

### 17. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive any benefits from the Settlement. If you are a member of the Direct Purchaser Settlement Class and exclude yourself, you should not submit a Claim Form to ask for payment because you won't receive any.

## OBJECTING TO THE SETTLEMENT

### 18. How do I object to the Settlement?

If you're a class member and you don't exclude yourself, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Direct Purchaser Settlement Class Member and/or an Indirect Purchaser Settlement Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendants' Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by June 3, 2019.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in the answer to Question Number 22), you must say so in your letter or brief. File the objection with the Court and mail a copy to these four places postmarked no later than **June 17, 2019.**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon Linda V. Parker<br>Theodore Levin Courthouse<br>231 W. Lafayette Blvd.<br>Detroit, MI, 48226 | Ari J. Scharg<br>EDELSON PC<br>350 North LaSalle St.<br>Suite 1400<br>Chicago, IL 60654 | Jacob A. Sommer<br>ZWILLGEN PLLC<br>1900 M St. NW<br>Suite 250<br>Washington, D.C. 20036 |
| | | Brendan J. Healey<br>MANDELL MENKES LLC<br>One North Franklin<br>Suite 3600<br>Chicago, IL 60606 |

## 19. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class (in other words, you can only object if you don't exclude yourself from the classes). Excluding yourself from the Direct Purchaser Settlement Class and/or the Indirect Purchaser Settlement Class is telling the Court that you don't want to be part of the classes. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at 11:00 a.m. EDT on **July 31, 2019** at the Theodore Levin Courthouse, Room 204, 231 W. Lafayette Blvd., Detroit, MI 48226. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the class members; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.MSLmagazinesettlement.com or call 1-844-491-5743. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

## 21. Do I have to come to the hearing?

Questions? Visit www.MSLmagazinesettlement.com or call 1-866-354-3015.

8

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

## 22. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that it is your "Notice of Intent to Appear in *Alice Raden et al v. Martha Stewart Living Omnimedia, Inc. et al*, No. 4:16-cv-12808-LVP-APP." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **June 17, 2019**, and be sent to the addresses listed in Question 18.

### GETTING MORE INFORMATION

## 23. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.MSLmagazinesettlement.com. You may also write with questions to Magazine Subscriber Privacy Settlement, P.O. Box 58310, Philadelphia, PA 19102-8310. You can call the Settlement Administrator at 1-844-491-5743 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.



Class Member ID: 3104000000000

| MUST BE RECEIVED NO LATER THAN **SEPTEMBER 14, 2019** | MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM | For Office Use Only |
|---|---|---|

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY **SEPTEMBER 14, 2019,** AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions: Fill out each section of this form and sign where indicated.**

**Name:** _____  _____  _____
  *First*                                      *M.I.*        *Last*

**Street Address:** _____

**City:** _____

**State:** ____ ____          **Zip Code:** ___ ___ ___ ___ ___

**Email Address:** _____ @ _____ . _____

**Contact Phone # (** ___ ___ ___ **)** ___ ___ ___ —___ ___ ___ ___
(You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Direct Purchaser Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I had a Michigan street address and was a subscriber to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and purchased my subscription directly from Martha Stewart Living Omnimedia, Inc. or Meredith Corporation.

☐ Under penalty of perjury, all information provided in this claim form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___ / ___ ___ / ___ ___

Print Name: _____

The Settlement Administrator will review your claim form; if accepted you will be mailed a check for a *pro rata* share of the Settlement Fund. The amount paid will depend on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.MSLmagazinesettlement.com or call 1-844-491-5743**


31040


CF


Page 1 of 1

# Exhibit C

**Raden v Martha Stewart Exclusions**

| First Name | Last Name | State |
|------------|-----------|-------|
| GIOVANNA | RONCONE | MI |
| ADITI RAM | PRASAD | MI |
| ███████ | █████████ | ██ |
| DEBORA | HOEVE | MI |
| THERESA | STONE | MI |
| AMELA | NUKIC | MI |
| JACQUELINE | CONRY | MI |
| SUSAN | SAVAGE | MI |
| JO ANN | VANEVERY | MI |